# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C. E.,                                    :
                                          :
                    Petitioner            :    **CASE SEALED**
                                          :
            v.                            :    No. 2280 C.D. 2013
                                          :
Department of Public Welfare,             :    Submitted: June 13, 2014
                                          :
                    Respondent            :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


**OPINION BY**
**JUDGE COHN JUBELIRER**                              **FILED:  August 4, 2014**


C.E. appeals from a Final Order of the Secretary of the Department of Public Welfare (Secretary) upholding an order issued by the Bureau of Hearings and Appeals (Bureau) dismissing, as untimely, C.E.'s appeal of an indicated report of child abuse.  On appeal, C.E. argues that the Bureau erroneously concluded that he did not provide sufficient evidence to show non-negligent circumstances which would allow for a *nunc pro tunc* appeal.  Upon review of the evidence presented, we conclude that the Secretary erred by upholding the dismissal of C.E.'s appeal as untimely; therefore, we vacate and remand.

The Department of Public Welfare's (DPW) Office of Children, Youth, and Families (OCYF) sent C.E. a letter dated June 6, 2011, notifying him that he was listed on the statewide central register of child abuse as a perpetrator in an indicated report of child abuse.[1] (ALJ Adjudication, Findings of Fact (FOF) ¶ 1.) The letter informed C.E. that he had forty-five days to appeal the placement of his name on the register. (FOF ¶ 2.) On December 15, 2011, OCYF received C.E.'s appeal and, on the same day, mailed him a letter stating that his appeal had been received, but was untimely filed. (FOF ¶¶ 5, 7.) C.E. filed a request for a hearing on the issue of timeliness and a telephone hearing was conducted by an Administrative Law Judge (ALJ) on February 9, 2012.

At the hearing, C.E. testified on his own behalf and presented the testimony of his counsel, Attorneys Stephanie Lombardo and Jeffrey A. Conrad, and their Paralegal Christina Guthrie. DPW did not call any witnesses.

C.E. testified that he received a letter from OCYF informing him of the indicated report of child abuse, and contacted his attorney for assistance. (Hr'g Tr.

---

[1] Section 6303 of the Child Protective Services Law defines an "[i]ndicated report" as:

A child abuse report made pursuant to this chapter if an investigation by the county agency or the Department of Public Welfare determines that substantial evidence of the alleged abuse exists based on any of the following:
(1) Available medical evidence.
(2) The child protective service investigation.
(3) An admission of the acts of abuse by the perpetrator.

23 Pa. C.S. § 6303.

at 36-37, R.R. at 57a-58a.)  He testified further that he signed his appeal to OCYF on June 6, 2011.  (Hr'g Tr. at 36-37, R.R. at 57a-58a.)

Attorney Lombardo testified that it was her responsibility to fill out a Request for Review of Hearing on behalf of C.E. and mail it to the Secretary. (Hr'g Tr. at 9, R.R. at 30a.)  Attorney Lombardo testified that: (1) she mailed the appeal on June 20, 2011 by placing it in the mailbox on the third floor of her office; (2) it was her standard practice to retain a copy of documents sent and make a notation on her copy of the mailing date;[2] (3) she retained a copy of the original letter on her computer; and (4) she did not obtain a certification of mailing.  (Hr'g Tr. at 10, 21- 22, 27, R.R. at 31a, 42a-43a, 48a.)  When asked whether she obtained a certificate of mailing, Attorney Lombardo stated:

> [A] certificate of mailing is to preserve the date of filing, particularly in appeals.  In this instance when I mailed it, [June 20] or [June 23], we were well within the appellate period.  There was no need to preserve the date of filing since we had I think another [twenty] days to have that come in.

(Hr'g Tr. at 21, R.R. at 42a.)

Paralegal Guthrie testified regarding copies of the letter and appeal which Attorney Lombardo testified that she mailed, as well as a work log, entered into evidence, which reflected the time spent by C.E.'s counsel in preparation of his appeal.  (Hr'g Tr. at 30-33, R.R. at 51a-54a.)

---

[2] There appears to be some question in the hearing transcript as to whether Attorney Lombardo's handwritten notations reflect a mail date of June 20, 2011 or June 23, 2011.  (Hr'g Tr. at 12-15, 19-26, R.R. at 33a-36a, 40a-47a.)

Lastly, Attorney Conrad testified that between June 20, 2011 and December 15, 2011, he and his associates, as well as C.E., were operating under the belief that the appeal had been received and filed in a timely manner, and they were waiting to hear from DPW regarding a hearing date. (Hr'g Tr. at 44, R.R. at 65a.) Attorney Conrad testified that he spoke to an attorney for DPW in October 2011, inquired regarding the status of the appeal, and that DPW's attorney informed Attorney Conrad that she did not know the current status. (Hr'g Tr. at 44, R.R. at 65a.) After being informed on December 15, 2011 that the appeal had not been properly filed, Attorney Conrad's office immediately re-sent the appeal and asked that C.E.'s appeal be heard *nunc pro tunc*. (Hr'g Tr. at 44, R.R. at 65a.)

After the hearing, the ALJ issued an adjudication in which he found that C.E. did not present any evidence which proved that the untimely filing of his appeal "was caused by fraud or its equivalent on the part of administrative authorities or a breakdown in the administrative process." (FOF ¶ 12.) Without making any specific credibility determinations, the ALJ stated that:

> While it may appear from the testimony and evidence that an appeal may have been filed prior to December 15, 2011, no certificate of mailing or receipt was provided to prove that an appeal was filed or on what date it was filed in this case. Therefore, I do not find [that C.E.] has met his burden of showing there are sufficient grounds to allow the appeal to proceed *nunc pro tunc*.

(ALJ Adjudication at 3.) Accordingly, the ALJ recommended that C.E.'s appeal be dismissed as untimely. The Bureau adopted the ALJ's adjudication and C.E. requested reconsideration by the Secretary. The Secretary granted reconsideration

4

and, upon review, issued a Final Order upholding the Bureau's dismissal of C.E.'s appeal as untimely.  C.E. now petitions this Court for review.[3]

Failure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect, and an extension of time to file an appeal cannot be granted "'as a matter of grace or mere indulgence…'"  J.A. v. Department of Public Welfare, 873 A.2d 782, 785 (Pa. Cmwlth. 2005) (quoting H.D. v. Department of Public Welfare, 751 A.2d 1216, 1219 (Pa. Cmwlth. 2000)).  However, an appellant can request that an untimely appeal be heard *nunc pro tunc* if the filing was late due to fraud, a breakdown in the administrative process, or non-negligent actions by the appellant or counsel.  See Criss v. Wise, 781 A.2d 1156, 1160 (Pa. 2001) (holding that failure to consider potential mail delay was not a non-negligent circumstance); Cook v. Unemployment Compensation Board of Review, 671 A.2d 1130, 1131 (Pa. 1996) (holding that appellant's seven day hospitalization was a non-negligent circumstance); Bass v. Commonwealth of Pennsylvania, 401 A.2d 1133, 1135 (Pa. 1979) (addition of non-negligent conduct as an excusable circumstance).  The party seeking an appeal *nunc pro tunc* must also show that the period of time between the deadline and the actual filing of the appeal was short, and that the appellee will not be prejudiced by the delay.  Criss, 781 A.2d at 1159.  An appeal *nunc pro tunc* is reserved for "unique and compelling cases in which the appellant has clearly established [that he] attempted to file an appeal, but

---

[3] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence."  J.M. v. Department of Public Welfare, 52 A.3d 552, 554 n.6 (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704).

5

unforeseeable and unavoidable events precluded h[im] from actually doing so." Id. at 1160.

In this case, C.E. argues that the ALJ's findings were not supported by substantial evidence because C.E. presented uncontroverted evidence of a breakdown in the administrative process. He argues that the breakdown may be attributable either to the U.S. Postal Service or to "the DPW's internal records' keeper or mail deliverer." (C.E.'s Br. at 11.) Essentially, C.E.'s argument is that he provided sufficient proof that his appeal was mailed in a timely fashion, and only an administrative breakdown after the appeal was mailed would have resulted in there being no evidence of DPW receiving the appeal. This line of reasoning invokes the mailbox rule. C.E. asserts that he presented sufficient evidence at the ALJ hearing to trigger the mailbox rule and shift the burden to DPW to prove that the documents were not received.

The mailbox rule creates a rebuttable presumption that an item which is properly mailed will be received; the presumption cannot be nullified by only an assertion that the item was not received. J.A., 873 A.2d at 786; Department of Transportation v. Grasse, 606 A.2d 544, 545 (Pa. Cmwlth. 1992). Notably, this Court has stated that "'evidence of actual mailing is not required.'" Szymanski v. Dotey, 52 A.3d 289, 292 (Pa. Super. 2012) (quoting Department of Transportation v. Brayman Construction Corp., 513 A.2d 562, 566 (Pa. Cmwlth. 1986) (Brayman)). As alternative proof, "'when a letter has been written and signed in the usual course of business and placed in the regular place of mailing, evidence of the *custom* of the establishment *as to the mailing* of such letters is receivable as

6

evidence that it was duly mailed.'" Brayman, 513 A.2d at 566 (emphasis added) (quoting Christie v. Open Pantry Marts, 352 A.2d 165, 166-167 (Pa. Super. 1975)). Whether a piece of mail was actually sent is a purely factual determination. Commonwealth v. Thomas, 814 A.2d 754, 761 (Pa. Super. 2002); see also, Szymanski, 52 A.3d at 293 (testimony did not prove sufficient facts to find that the document was actually mailed).

In finding that C.E. did not meet his burden of proving sufficient grounds for the grant of *nunc pro tunc* relief, the ALJ in this matter did not make any findings as to whether the evidence presented by C.E. was sufficient to trigger the mailbox rule. Instead, the ALJ relied solely on the fact that C.E. did not provide a receipt or certificate of mailing to prove that his appeal was filed or the date it was filed. However, unless a rule or regulation specifies otherwise, proof of mailing is not a *requirement* for a party to prove that a document was actually mailed. Brayman, 513 A.2d at 566.

Section 6341 of the Child Protective Services Law (Law) sets forth the process by which an individual named as a perpetrator in an indicated report of child abuse may request an amendment or expungement.[4] There is no requirement in Section 6341 that an individual obtain a certificate or receipt of mailing to prove that such a request was timely filed. Moreover, neither of DPW's regulations governing requests for an amendment or expungement of an indicated report of

---

[4] Section 6341 reads, in relevant part, "[a]ny person named . . . in an indicated report of child abuse may, within 45 days of being notified of the status of the report, request the secretary to amend or expunge an indicated report. . ." 23 Pa. C.S. § 6341(a)(2).

child abuse, or an appeal from the grant or denial of such a request, require that the requester obtain a certificate or receipt of mailing; the only requirement is that the requests or appeals are "postmarked within 45-calendar days" of the date on the notification of an indicated report or a denial of appeal.[5]

Conversely, some administrative bodies regulate the manner in which an individual can prove the mailing of a document. For instance, the regulation governing appeals in unemployment compensation (UC) matters specifically list a hierarchy of proof to determine the filing date of the appeal. For UC appeals, the filing date is determined by a postmark on the envelope, a certificate or receipt of mailing or a certified mail receipt. See 34 Pa. Code § 101.82.[6] If none of these

---

[5] Section 3490.105a of DPW's regulations governs requests to amend or expunge an indicated report and provides, in relevant part, that "[t]he request shall be in writing and postmarked within 45-calendar days of the mailing date of the letter from Childline. . ." 55 Pa. Code § 3490.105a(a).

Section 3490.106 governs appeals from a grant or denial of a request to amend or expunge an indicated report and provides, in relevant part, that "[a]ppeals shall be in writing to the Secretary and be postmarked within 45-calendar days of the date of the Secretary's notification letter to either grant or deny the request." 55 Pa. Code §3490.106(b).

[6] Section 101.82 provides, in relevant part, as follows:

(b) A party may file a written appeal by any of the following methods:

(1) *United States mail.* The filing date will be determined as follows:

(i) The date of the official United States Postal Service postmark on the envelope containing the appeal, a United States Postal Service Form 3817 (Certificate of Mailing) or a United States Postal Service certified mail receipt.

(ii) If there is no official United States Postal Service postmark, United States Postal Service Form 3817 or United States Postal Service certified mail receipt, the date of a postage meter mark on the envelope containing the appeal.

*(Continued…)*

items are available, the date of a postage meter mark will be accepted. Id. If the filing date cannot be determined from any of the foregoing methods, the filing date is the date the appeal is recorded by the UC authorities when the appeal is received. Id. Therefore, this enumerated list, which includes a certificate or receipt of mailing, provides for a specific method of determining the filing date even when the appeal is not received. Conversely, DPW's regulations do not specifically provide a method to determine the date of filing without a postmark. Thus, when there is no evidence that the appeal was received and, therefore, no way to inspect a postmark on the envelope, alternative methods must be used to determine the filing date.

Accordingly, given that there is no regulation that a certificate of mailing must be used to establish a filing date in these types of matters and this Court's articulation in Brayman of allowable proof of mailing by a party attempting to invoke the mailbox rule, we conclude that the ALJ committed an error of law by denying C.E.'s *nunc pro tunc* appeal based solely on the absence of a certificate or receipt of mailing. However, as stated previously, the ALJ did not make any specific credibility determinations or make any findings as to whether the evidence presented by C.E. was sufficient to show timeliness. Therefore, we find it necessary to remand this matter for a determination of the credibility of C.E.'s

---

(iii) If the filing date cannot be determined by any of the methods in subparagraph (i) or (ii), the filing date will be the date recorded by the Department, the workforce investment office or the Board when it receives the appeal.

34 Pa. Code § 101.82(b)(1).

evidence of mailing and for the matter of timeliness to be determined in accordance with this Court's articulation of allowable proof of mailing found in <u>Brayman</u>.

Accordingly, the Final Order of the Secretary is vacated, and this matter is remanded for proceedings consistent with this opinion.[7]

_____
**RENÉE COHN JUBELIRER, Judge**

---

[7] Given our disposition, we need not address the remaining issues raised by the parties in this appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

C. E.,                   :

            :

       Petitioner     :   **CASE SEALED**

            :

    v.             :   No. 2280 C.D. 2013

            :

Department of Public Welfare,   :

            :

       Respondent   :

## O R D E R

**NOW**, August 4, 2014, the Final Order of the Secretary of the Department of Public Welfare entered in the above-captioned matter is **VACATED**, and this matter is **REMANDED** to the Department of Public Welfare, Bureau of Hearings and Appeals, for proceedings consistent with the foregoing opinion.

Jurisdiction relinquished.

 

_____

**RENÉE COHN JUBELIRER, Judge**