# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Ralph Feudale,                    :
                    Petitioner            :
                                          :
          v.                              :    No. 1905 C.D. 2016
                                          :    Argued:  June 5, 2017
Department of Environmental               :
Protection,                               :
                    Respondent            :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE JOSEPH M. COSGROVE, Judge


*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**                    **FILED:  July 17, 2017**


Richard Feudale (Feudale) petitions this Court for review of an order of the Environmental Hearing Board (Board), issued October 25, 2016, denying Feudale's petition to appeal *nunc pro tunc* the Department of Environmental Protection's (Department) issuance of a permit to intervenor Aqua Pennsylvania, Inc. (Aqua).  We now affirm.

On or about May 25, 2012, Aqua applied for a National Pollutant Discharge Elimination System (NPDES) permit from the Department to replace a 100 year-old waterline.  Aqua received comments on the application from the Department and the Northumberland County Conservation District.  Thereafter, on February 22, 2013, Aqua amended its application, increasing the amount of the proposed land disturbance from 20 acres to 30.2 acres.  (Reproduced Record (R.R.) at 196a.)  The Department granted the NPDES permit to Aqua on April 11, 2013.

Then, in February 2016, the Department corrected the original NPDES permit, which provided for a land disturbance of 1 to 5 acres, to include a land disturbance of more than 5 acres. (R.R. at 223a.)

Feudale filed a complaint and motion for preliminary injunction in the Court of Common Pleas of Northumberland County (common pleas) on May 23, 2014, and common pleas transferred the matter to this Court on June 18, 2014.[1] Feudale named as defendants Aqua and the Pennsylvania Department of Conservation and Natural Resources (DCNR). Feudale objected particularly to the location of a replacement waterline in the Roaring Creek Tract in Northumberland and Columbia Counties, taking the position that Aqua should be required to confine its water main construction within the existing roadway of the Roaring Creek Tract. Feudale also objected to the prospective logging, timbering, and earthmoving activities that would result from the project. Feudale alleged that DCNR disregarded the environmental impact of this replacement waterline. He also alleged that Aqua and DCNR mismanaged the Roaring Creek Tract in violation of the History Code[2] and Article I, Section 27 of the Pennsylvania Constitution.[3]

---

[1] The matter was docketed with this Court as *Feudale v. Aqua Pennsylvania, Inc.*, 335 M.D. 2014.

[2] 37 Pa. C.S. §§ 101-906.

[3] Article I, Section 27 of the Pennsylvania Constitution, commonly referred to as the "Environmental Rights Amendment," provides:

> The people have a right to clean air, pure water, and to the preservation of the natural, scenic, historic and esthetic values of the environment. Pennsylvania's public natural resources are the common property of all the people, including generations yet to come. As trustee of these resources, the Commonwealth shall conserve and maintain them for the benefit of all the people.

On July 22, 2015, this Court sustained preliminary objections made by Aqua and DCNR on the grounds that Feudale failed to exhaust his administrative remedies and that the complaint failed to state a claim under either the History Code or the Environmental Rights Amendment. *Feudale v. Aqua Pennsylvania, Inc.*, 122 A.3d 462 (Pa. Cmwlth. 2015) (*Feudale I*), *aff'd*, 135 A.3d 580 (Pa. 2016). We noted that there was no dispute that the waterline replacement project required an NPDES permit from the Department. *Id.* at 465. We explained that "[a]t its core, Feudale's claim against Aqua is that the [Department] improperly granted the NPDES permit." *Id.* at 466. Feudale appealed to our Supreme Court, which affirmed our decision.

Feudale thereafter filed a petition to appeal *nunc pro tunc* with the Board on July 22, 2016. In his petition, Feudale argued that he should be permitted to appeal *nunc pro tunc* the issuance of the NPDES permit to Aqua in order to restore public confidence in the Department. Feudale argued that he was misled by the notices to the public and to the various municipalities, which provided for less acreage of environmentally impacted land than the final permit allowed.[4] The majority of Feudale's petition before the Board, however, argued the merits of Feudale's opposition to the issuance of the permit, which the Board declined to consider. Notably, on the Notice of Appeal Form, attached to Feudale's petition to the Board, the following question and answer appear:

---

[4] In the petition to appeal *nunc pro tunc*, Feudale appears to have argued that the delay in filing was due in part to the inaccuracy of the original permit issued on April 11, 2013, which the Department argued was merely a typographical error. He does not make this argument on appeal nor does he argue that the Court should consider his petition for appeal *nunc pro tunc* in the context of an appeal of the corrected NPDES permit, which the Board issued in February 2016.

3

[Question]: How, and on what date, did you receive notice of the Department's action?

[Answer]: Informal discussions with AQUA in fall, 2013, formal file review June 10, 2014, and hearing August 19, 2014.

(R.R. at 106a.)

On October 25, 2016, the Board denied Feudale's petition. The Board explained that Feudale's petition did not satisfy the requirements for a *nunc pro tunc* allowance of appeal, focusing primarily on its conclusion that Feudale did not demonstrate the first requirement—"fraud, breakdown in the administrative process, or any unique and compelling non-negligent circumstances justifying the allowance of an untimely appeal of an NPDES permit that was issued in 2013." (Board Op. at 1.) The Board noted that Feudale provided no explanation as to why he chose to litigate the matter through the filing of an original jurisdiction complaint against Aqua as opposed to filing an appeal of the NPDES permit.[5] The Board wrote:

> To sum up, Feudale did not appeal to the Board within 30 days of the permit being issued in April 2013. He did not appeal after he says he received notice through a discussion of the project with Aqua in the fall of 2013. He did not come to the Board on May 23, 2014[,] when he filed his action in common pleas court or after his file review at the Department on June 10, 2014. He did not come to the Board after the August 19, 2014 hearing before the Commonwealth Court. He did not appeal within 30 days of the *[Pennsylvania] Bulletin* notice published August 23, 2014. He did

---

[5] The Board also noted that Aqua's application to the Department for the permit was published in the *Pennsylvania Bulletin* on June 30, 2012, along with instructions on how the public could participate in the application review process. The Department issued the permit on April 11, 2013, and Feudale filed his civil action on May 23, 2014. Thereafter, notice of the issuance of the permit was published in the *Pennsylvania Bulletin* on August 23, 2014, along with instructions for appealing the Department's actions to the Board.

4

not seek to appeal after [the] Commonwealth Court held on July 22, 2015[,] that he failed to exhaust his administrative remedies and he should have appealed the permit to the Board. Instead, he waited for nearly three months after the Pennsylvania Supreme Court affirmed the holding in Commonwealth Court to finally petition the Board *nunc pro tunc*. Based upon the series of missed opportunities Feudale had to seek relief from us, we cannot say that non-negligent circumstances caused untimely filing.

(Board Op. at 15.)

On appeal to this Court,[6] Feudale argues that the Board erred in denying his petition for appeal *nunc pro tunc*. He essentially advances three reasons why the Board should have granted his petition to appeal *nunc pro tunc*. First, he argues that the Board should have considered the filing of his complaint and motion for preliminary injunction with this Court good cause for delay, particularly where, according to Feudale, this Court had an obligation to transfer the case to the Board. Second, Feudale adds that he filed the petition to appeal *nunc pro tunc* prior to the deadline for appealing the Pennsylvania Supreme Court's decision to the United States Supreme Court. Finally, Feudale argues that there was no material prejudice to the Department or Aqua by his delay.

Under the Board's regulations, persons aggrieved by the Department's action must file their appeal within thirty days of notice—either constructive notice through the publishing of the Department's action in the *Pennsylvania Bulletin*, or actual notice. *See* 25 Pa. Code § 1021.52(a). Failure to appeal within thirty days of notice of the action by the Department deprives the Board of jurisdiction.

---

[6] In reviewing decisions by the Board, we are limited to determining whether the Board committed an error of law or violated constitutional rights, or whether substantial evidence supports its findings of fact. *Consol Pa. Coal Co., LLC v. Dep't of Envtl. Prot.*, 129 A.3d 28, 37 n.9 (Pa. Cmwlth. 2015).

5

Feudale does not dispute that his appeal of the Department's issuance of the permit was untimely.

The Board's regulations additionally permit the Board to consider an appeal *nunc pro tunc* after the thirty-day deadline:

> The Board upon written request and for good cause shown may grant leave for the filing of an appeal nunc pro tunc; the standards applicable to what constitutes good cause shall be the common law standards applicable in analogous cases in courts of common pleas in this Commonwealth.

25 Pa. Code § 1021.53a. The party seeking *nunc pro tunc* relief must demonstrate the following: (1) that extraordinary circumstances, involving fraud or breakdown in the administrative process or non-negligent circumstances related to the party, its counsel, or a third party, caused the untimeliness; (2) that it filed the document within a short time period after the deadline; and (3) that the respondent will not suffer prejudice due to the delay. *C.E. v. Dep't of Pub. Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014). For the reasons discussed below, Feudale failed to prove that he is entitled to appeal *nunc pro tunc*.

With regard to the first requirement for an appeal *nunc pro tunc*, Feudale does not demonstrate any justification for his delay in the filing of an appeal of the NPDES permit that rises to the level of an "extraordinary circumstance, involving fraud or breakdown in the administrative process or non-negligent circumstances." *See id.* Feudale appears to argue that his effort to overturn on appeal this Court's decision in *Feudale I* before the Pennsylvania Supreme Court somehow constituted extraordinary circumstances that justified his late appeal of the NPDES permit. Because he filed his appeal of the NPDES permit with the Board prior to the deadline for appealing the Pennsylvania Supreme Court's affirmance to the United States Supreme Court had expired, he

6

contends his late filing is justified. Feudale does not point to any legal support for this proposition, and we find none. Feudale's decision to initiate an original jurisdiction action in common pleas against Aqua, later transferred to this Court, in no way extended the time period for him to appeal the NPDES permit to the Board. The same is true of his later efforts to overturn this Court's decision in *Feudale I.*

Feudale also appears to argue that extraordinary circumstances exist, because he filed his complaint and motion for preliminary injunction with the wrong tribunal, and either common pleas or the Commonwealth Court had the obligation to transfer the case to the correct tribunal under Section 5103 of the Judicial Code, 42 Pa. C.S. § 5103.[7] This argument is meritless for two reasons.

---

[7] Section 5103 of the Judicial Code provides, in part:

(a) General rule.--If an appeal or other matter is taken to or brought in a court or magisterial district of this Commonwealth which does not have jurisdiction of the appeal or other matter, the court or magisterial district judge shall not quash such appeal or dismiss the matter, but shall transfer the record thereof to the proper tribunal of this Commonwealth, where the appeal or other matter shall be treated as if originally filed in the transferee tribunal on the date when the appeal or other matter was first filed in a court or magisterial district of this Commonwealth. A matter which is within the exclusive jurisdiction of a court or magisterial district judge of this Commonwealth but which is commenced in any other tribunal of this Commonwealth shall be transferred by the other tribunal to the proper court or magisterial district of this Commonwealth where it shall be treated as if originally filed in the transferee court or magisterial district of this Commonwealth on the date when first filed in the other tribunal.

. . . .

(d) Definition.--As used in this section "tribunal" means a court or magisterial district judge or other judicial officer of this Commonwealth vested with the power to enter an order in a matter, the Board of Claims, the Board of Property, the Office of Administrator for Arbitration Panels for Health Care and any other similar agency.

First, Feudale raises this issue for the first time in his appellate brief filed with this Court. Issues raised for the first time on appeal are waived.[8] Pa. R.A.P. 302(a). Second, Feudale did not file with common pleas or this Court an appeal of an NPDES permit; rather, he filed a civil action asserting causes of action against Aqua. The matter could not have been transferred to the Board, because the Board lacks jurisdiction over the claims against Aqua set forth in the complaint.

Given that Feudale has not met the first requirement for an appeal *nunc pro tunc*, we must conclude that the Board did not err in denying his petition to appeal *nunc pro tunc*. Although we need not consider the remaining requirements, we note that the Board addressed all of the requirements for an appeal *nunc pro tunc* and concluded that Feudale failed to establish any of the requirements. For that reason, we briefly address the remaining requirements.

With regard to the second requirement, we agree with the Board that Feudale did not file his petition for an appeal *nunc pro tunc* within a short time period after the deadline for filing. Regarding this requirement, we consider the "short time period" in relation to Feudale's actual notice of the permit issuance under Section 1021.52(a)(2)(ii) of the Board's regulations. Feudale initiated his civil action in common pleas on May 23, 2014, prior to the *Pennsylvania Bulletin* notice of the Department's issuance of the permit on August 23, 2014, because Feudale had prior actual notice of the Department's action. Feudale filed his

---

[8] Feudale raised a similar issue in his reply brief filed before the Board, arguing that the matter should have been transferred pursuant to Rules 751 and 752 of the Pennsylvania Rules of Appellate Procedure. Issues raised for the first time in a reply brief, however, are also waived. *Commonwealth v. Walter*, 119 A.3d 255, 264 n.7 (Pa. 2015), *cert. denied sub nom. Walter v. Pennsylvania*, 136 S. Ct. 981 (2016).

petition to appeal *nunc pro tunc* with the Board on July 22, 2016, over two years after he had notice of the Department's action.[9] That filing was not within a short time period of the statutory deadline for filing. Thus, we agree with the Board that Feudale failed to demonstrate the second requirement for an appeal *nunc pro tunc*.

As to the final requirement for a petition to appeal *nunc pro tunc*—an absence of prejudice to the Department and Aqua—Feudale does not provide any argument in his brief. Furthermore, we observe that Aqua has relied and acted upon the issuance of the NPDES permit for over four years, and we agree with the Board's concern that when cases are "in limbo for years, the longer a case drags out, the greater the likelihood that witnesses will forget things, or worse, become unavailable." (Board Op. at 17 (citation omitted)). For these reasons, we cannot conclude that the Board erred in determining that Feudale failed to establish an absence of prejudice.

Accordingly, we affirm the order of the Board.

P. KEVIN BROBSON, Judge

---

[9] Moreover, had we concluded that constructive notice under Section 1021.52(a)(2)(i) was at issue, we still could not conclude that Feudale filed his petition within a short time period of the deadline. The Department published in the *Pennsylvania Bulletin* the issuance of the permit on August 23, 2014. The thirty-day deadline following the publishing was September 22, 2014. Thus, even if we analyzed the filing based on the deadline under Section 1021.52(a)(2)(i), Feudale filed the petition on July 22, 2016, one year and ten months after the deadline.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Richard Ralph Feudale,       :
           Petitioner       :
                            :
        v.                :    No. 1905 C.D. 2016
                            :
Department of Environmental      :
Protection,                    :
           Respondent    :

# **O R D E R**

AND NOW, this 17th day of July, 2017, the order of the Environmental Hearing Board is AFFIRMED.

_____
P. KEVIN BROBSON, Judge
