# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Winston J. Banks,               :
                Petitioner     :
                               :
          v.                   :    No. 1495 C.D. 2018
                               :    Submitted: April 5, 2019
State Civil Service Commission    :
(York County Office of            :
Children, Youth and Families),    :
                 Respondent    :

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge

*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE BROBSON           FILED: July 12, 2019

Winston J. Banks (Banks), acting *pro se*, petitions for review of the State Civil Service Commission's (Commission) decision denying his untimely request for reconsideration of the Commission's prior order, which dismissed Banks's appeal challenging his removal from employment with the York County Office of Children, Youth and Families (Respondent). For the reasons that follow, we affirm.

Banks was employed by Respondent in a probationary role as a County Caseworker 2. (Reproduced Record (R.R.) at 19a, 101a.) By letter dated May 9, 2017, Respondent terminated Banks's employment, effective May 11, 2017, due to "ongoing concerns related to [Banks's] job performance." (Supplemental

Reproduced Record (Supp. R.R.) at 19b.) Banks timely appealed Respondent's action to the Commission pursuant to Section 951 of the former Civil Service Act,[1] alleging that Respondent's action against Banks was based on gender discrimination. (R.R. at 27a.) By order and opinion dated September 20, 2018, the Commission denied Banks's appeal on the ground that Respondent provided sufficient evidence to prove that its action was based on Banks's job performance and not gender discrimination. (R.R. at 34a-35a.) On October 9, 2018, Banks filed a petition for reconsideration with the Commission, pursuant to Section 105.17 of the Rules of the Civil Service Commission (Commission Rules), 4 Pa. Code § 105.17.[2] By letter dated October 18, 2018, the Commission denied Banks's petition for reconsideration based on its untimeliness as the operative order was issued on September 20, 2018, and Banks's October 9, 2018 petition for reconsideration was filed outside of the fifteen-day limit imposed by Section 105.17(c) of the Commission Rules. (Supp. R.R. at 2b.) Banks now petitions this Court for review.

---

[1] Act of August 5, 1941, P.L. 752, *as amended*, 71 P.S. § 741.950. The General Assembly repealed the Civil Service Act by Act of June 28, 2018, P.L. 460, effective March 28, 2019. The subject matter of various provisions of the former Civil Service Act may be found in Title 71, Part III of the Pennsylvania Consolidated Statutes, relating to Civil Service Reform, as enacted by the Act of June 28, 2018, P.L. 460. The subject matter of Section 951 of the former Civil Service Act is now found at 71 Pa. C.S. §§ 2202 and 3003.

[2] Section 105.17 of the Commission Rules provides, in part:

. . . .

(c) Filing and service. Every petition for reconsideration shall be filed within 15 calendar days after issuance of the Commission order involved.

. . . .

(e) The procedure for reconsideration contained in this subsection does not alter or replace any procedures provided elsewhere for the timely filing of appeals of Commission adjudications to appellate courts.

2

On appeal,[3] Banks appears to raise challenges to the Commission's September 20, 2018 determination alone. Banks's arguments may be summarized as follows: (1) Banks should be permitted to file the instant appeal *nunc pro tunc*; and (2) if so permitted, this Court should conclude that the Commission's September 20, 2018 determination was not supported by substantial evidence of record.[4] In response, Respondent argues that Banks's appeal to this Court is untimely pursuant to Pennsylvania Rule of Appellate Procedure 1512(a)(1),[5] and, therefore, the Court does not have jurisdiction over the substantive issues related to the Commission's determination. Respondent further contends that the only issue properly within this Court's jurisdiction is whether the Commission abused its discretion in denying Banks's request for reconsideration. In the alternative, Respondent argues that the Commission's determination upholding Banks's termination was supported by substantial evidence of record.

We first address Banks's request that we consider his appeal to this Court *nunc pro tunc*. Pursuant to Pennsylvania Rule of Appellate Procedure 1512(a)(1), Banks had thirty days to appeal from the Commission's determination. Due to the fact that the Commission issued its determination on

---

[3] "Whether to grant or deny a request for reconsideration is a matter of administrative discretion, [and] this [C]ourt's scope of review of that decision is limited to determining whether the agency abused its discretion." *W. Penn Power Co. v. Pa. Pub. Util. Comm'n*, 659 A.2d 1055, 1065 (Pa. Cmwlth. 1995). "An abuse of discretion has occurred only where the agency's decision demonstrates evidence of bad faith, fraud, capricious action or abuse of power." *Id.*

[4] Banks set forth three substantive arguments, all of which challenge the Commission's September 20, 2018 determination as unsupported by substantial evidence of record. We have, therefore, set forth these three arguments as one general challenge for the sake of brevity.

[5] Pennsylvania Rule of Appellate Procedure 1512(a)(1) provides, in relevant part: "A petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa. R.A.P. 1512(a)(1).

September 20, 2018, Banks's appeal date of October 26, 2018,[6] falls outside of the permitted timeframe to file an appeal in this Court. "[F]ailure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect." *R.H. v. Dep't of Human Servs.*, 205 A.3d 410, 415 (Pa. Cmwlth. 2019). Appeals *nunc pro tunc* are generally granted in cases where "the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process, or non-negligent circumstances related to the appellant, his counsel, or a third party." *Id.* at 416. Accordingly, appeals *nunc pro tunc* are "reserved for 'unique and compelling cases in which the appellant has clearly established [that he] attempted to file an appeal, but unforeseeable and unavoidable events precluded h[im] from actually doing so.'" *C.E. v. Dep't of Pub. Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014) (alterations in original) (quoting *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001)).

Here, Banks proffered no reasons for his untimely appeal but instead baldly alleges that "[o]bviously Banks took all measures to comply with the rules of appellate procedure." (Petitioner's Reply Br. at 16.) Banks has not, therefore, established any reasons to allow this appeal to proceed *nunc pro tunc*. Consequently, to the extent Banks attempts to appeal the Commission's September 20, 2018 determination, the appeal is untimely, and this Court is deprived of subject matter jurisdiction over the matter. *See Ricketts v. Cent. Office Review Comm. of the Dep't of Corr.*, 557 A.2d 1180, 1181-82 (Pa. Cmwlth.), *appeal denied*, 574 A.2d 75 (Pa. 1989) (dismissing *sua sponte* petitioner's untimely appeal from administrative agency's decision for lack of subject matter jurisdiction).

---

[6] (*See* Supp. R.R. at 3a ("The date of October 26, 2018 will be preserved as the date of filing [Banks's] appeal.").)

4

We note that Banks's letter initiating the appeal to this Court included the Commission's denial of reconsideration as an attachment. (Supp. R.R. at 1b-2b.) Banks does not, however, raise any arguments concerning the Commission's denial of reconsideration, thereby waiving any issues related thereto. Even if Banks properly challenged the Commission's denial of reconsideration, we could only overturn the denial upon finding an abuse of discretion. An adjudicator's decision may constitute an abuse of discretion only if, as described earlier in this opinion, the decision constitutes evidence of bad faith, fraud, capricious action, or abuse of power. *W. Penn Power Co.*, 659 A.2d at 1065. The Commission denied Banks's petition for reconsideration because he filed the petition outside of the fifteen-day limit for seeking reconsideration under Section 105.17(c) of the Commission Rules, thereby making the request for reconsideration untimely. Accordingly, the Commission did not abuse its discretion when it denied Banks's request for reconsideration.

Based on the discussion above, we affirm the decision of the Commission.


P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Winston J. Banks, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 1495 C.D. 2018 |
| | : | |
| State Civil Service Commission | : | |
| (York County Office of | : | |
| Children, Youth and Families), | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 12th day of July, 2019, the order of the State Civil Service Commission is hereby AFFIRMED.

<br>

P. KEVIN BROBSON, Judge