# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K.D.,                                              :
              Petitioner               :
                                               :   No.  988 C.D. 2023
                                               :
        v.                         :
                                               :   Submitted:  August 9, 2024
                                               :
Department of Human Services,       :
           Respondent              :

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**                                    **FILED:  December 20, 2024**

K.D. (Petitioner), proceeding *pro se*, petitions for review of the order entered by the Department of Human Services (Department), Bureau of Hearings and Appeals (BHA), on March 24, 2023, which dismissed Petitioner's appeal for a lack of jurisdiction in accordance with 55 Pa. Code § 3130.62.  After careful review, we quash Petitioner's appeal as untimely.

## I. BACKGROUND[1]

Petitioner's daughter, S.D., was adjudicated dependent on November 17, 2021, in the Court of Common Pleas of Philadelphia County.  On February 2, 2022, Petitioner mailed an appeal to BHA.[2]  The Department interpreted this appeal

---

[1] We derive this background from those findings of the Administrative Law Judge (ALJ) supported by substantial evidence of record.  *See* ALJ's Recommendation & Adjudication, 1/10/23.  BHA adopted the findings in their entirety.  *See* BHA Order, 3/4/23.

[2] BHA received the appeal on February 4, 2022.  *See* Pet'r's Appeal to BHA, date stamped February 4, 2022 (found at Certified Record (C.R.) at 13-16).  In this appeal, Petitioner challenged the "taking [of] our children for no valid reason and want[ed] to appeal all their actions, because it was a violation of [c]onstitutional [r]ights, [d]iscrimination of [r]eligion, violation of [d]ue [p]rocess[,] etc." *Id.*

as a challenge to a family service plan (FSP) issued by the county umbrella agency (CUA).[3]  Eventually, on September 14, 2022, an Administrative Law Judge (ALJ) held a hearing to consider whether BHA had jurisdiction over Petitioner's appeal.

At the hearing, Petitioner did not identify any specific service or services that CUA "denied, reduced, discontinued, suspended, terminated, or failed to act upon with reasonable promptness."  *See* ALJ's Recommendation & Adjudication, 1/10/23, at 3 (unpaginated).  Rather, Petitioner challenged the lengthy period of CUA's involvement with his family.  *See* Notes of Testimony Hr'g, 9/14/22, at 11 ("Like we're trying to like, you know, get these people out of our life. Because it's been so long.").  Accordingly, the ALJ recommended that BHA dismiss Petitioner's appeal for lack of jurisdiction pursuant to 55 Pa. Code § 3130.62(a).[4]

BHA adopted the recommendation and dismissed Petitioner's appeal. *See* BHA Order, 3/24/23.  BHA informed Petitioner that requests "must be received [by BHA] within fifteen (15) calendar days from the date of this [o]rder."  *Id.*

---

[3] Apparently, the ALJ possessed a service plan developed for Petitioner's other children.  *See* Notes of Testimony Hr'g, 9/14/22, at 25-29.  Upon learning that this plan did not include S.D., the ALJ granted Petitioner five additional business days to provide any additional documents, including a relevant service plan.  *Id.* at 13-15.  However, a service plan does not appear in the certified record.  *See generally* C.R.

[4] BHA has limited jurisdiction to review a county FSP:

> (a) The county agency shall provide to the parents, along with a copy of the family service plan and, if applicable, placement amendment, a written notice of their right to appeal the following to the Department's Office of Hearings and Appeals:

> (1) A determination which results in a denial, reduction, discontinuance, suspension or termination of service.

> (2) The county agency's failure to act upon a request for service with reasonable promptness.

55 Pa. Code § 3130.62(a)(1) and (2).  *See, e.g.*, *Scanner v. Dep't of Pub. Welfare* (Pa. Cmwlth., 1037 C.D. 2004, filed July 6, 2005) slip op. at 4 (discussing the limited jurisdiction of BHA in FSP appeals, noting that "regulations governing the subject matter of appeals [limit FSP] appeals to certain issues . . . .").

(emphasis removed). BHA further advised Petitioner that he could appeal to this Court "within 30 days from the date of this order." *Id.*

On May 18, 2023, Petitioner requested reconsideration, but that request was denied as untimely.[5] It was not until June 16, 2023, that Petitioner sought to appeal in this Court from the BHA order, entered March 24, 2023, dismissing his appeal.[6]

## II. DISCUSSION[7]

Before we may examine the issues raised by Petitioner, we must first consider whether his petition for review was timely filed in this Court, as it implicates our jurisdiction. A petitioner must file a petition for review with this Court within 30 days after the entry of an administrative agency's final order. 42 Pa.C.S. § 763; 37 Pa. Code § 73.1. The Pennsylvania Rules of Appellate Procedure

---

[5] Petitioner's application for reconsideration was post-marked on this date. Appl. for Recons., 5/18/23. *See* Pa.R.A.P. 121(f).

[6] Petitioner has indicated that he is appealing from the order issued by BHA on March 24, 2023. *See* Ancillary Pet. for Rev., 8/28/23, at 2. However, we note that Petitioner has attached to his ancillary petition a copy of the Department's order denying reconsideration to his appeal. *See id.*, Ex. 2. Thus, it is not entirely clear which order Petitioner seeks to appeal. To the extent Petitioner is appealing the denial of reconsideration, our scope of review is limited. A decision to grant or deny a request for reconsideration is a matter of administrative discretion and, therefore, will be reversed only for an abuse of discretion. *Sw. Pa. Nat. Res., Inc. v. Dep't of Env't Res.*, 465 A.2d 108, 117 (Pa. Cmwlth. 1983); *Keith v. Dep't of Pub. Welfare*, 551 A.2d 333, 336 (Pa. Cmwlth. 1988).

A petitioner has 15 days to file an application for reconsideration. *See* 1 Pa. Code § 35.241(a); 55 Pa. Code § 275.4(h)(4)(ii). However, Petitioner did not seek reconsideration of the March 24, 2023 order until 55 days later, on May 18, 2023. While Petitioner asserts that he filed for reconsideration in a timely manner, the record lacks evidence to support this claim. Consequently, we affirm the denial of reconsideration as untimely. *Sw. Pa. Nat. Res., Inc.*, 465 A.2d at 117; *Keith*, 551 A.2d at 336.

[7] Our review is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether the Department erred as a matter of law, or whether the Department violated a party's constitutional rights. *See C.E. v. Dep't of Pub. Welfare*, 97 A.3d 828 (Pa. Cmwlth. 2014); Section 704 of the Admin. Agency Law, 2 Pa.C.S. § 704.

also provide that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court within 30 days after the entry of the order." Pa.R.A.P. 1512(a)(1). "An appellate court . . . may not enlarge the time for filing . . . a petition for review[.]" Pa.R.A.P. 105(b). As this Court has explained, the "[f]ailure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect, and an extension of time to file an appeal cannot be granted as a matter of grace or mere indulgence." *C.E. v. Dep't of Pub. Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014) (cleaned up).

In this case, BHA informed Petitioner of his appellate rights in its order adopting the ALJ's recommendation and adjudication. *See* the Department's order, 3/24/23; C.R. at 102. Accordingly, Petitioner had until April 24, 2023,[8] to petition this Court for appellate review. *See C.E.*, 97 A.3d at 832; 42 Pa.C.S. § 763; 37 Pa. Code § 73.1; Pa.R.A.P. 1512(a)(1). Petitioner did not file his petition for review in this Court until June 16, 2023, 53 days beyond the expiration of the 30-day statutory period. *See* Pet. for Rev. Thus, Petitioner did not timely seek relief in this Court, and we lack jurisdiction to consider his petition.[9] *See C.E.*, 97 A.3d at 832; 42 Pa.C.S. § 763; 37 Pa. Code § 73.1; Pa.R.A.P. 1512(a)(1).

Accordingly, we quash the petition for review as untimely.

---

[8] The 30-day date to appeal was April 23, 2023, a Sunday. *See* 1 Pa.C.S. § 1908 (whenever the last day of the appeal period falls on a weekend or any legal holiday, such day shall be omitted from the computation of time).

[9] Petitioner does not allege any fraud, breakdown in the administrative process, or other non-negligent actions by Petitioner that would allow us to consider the appeal *nunc pro tunc*. *See C.E.*, 97 A.3d at 832.

4

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

K.D.,                                                    :
          Petitioner              :
                                 :   No.  988 C.D. 2023
            v.                      :
                                 :
Department of Human Services,            :
          Respondent            :

**PER CURIAM**

## O R D E R

AND NOW, this 20th day of December, 2024, the petition for review is QUASHED as untimely.