781 A.2d 1156

**Mark A. CRISS and Kathryn J. Stevenson, Appellants,**

**v.**

**Sharon Marie WISE, Appellee.**

Supreme Court of Pennsylvania.

Submitted March 5, 2001.

Decided Oct. 17, 2001.

438

Kathryn J. Stevenson, for Mark A. Criss and Kathryn J. Stevenson.

Dennis F. Cline, for Sharon Wise.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## OPINION OF THE COURT

NIGRO, Justice.

We granted allowance of appeal to consider whether the Superior Court erred in holding that Appellee Sharon Marie Wise may be entitled to an appeal *nunc pro tunc* from a compulsory arbitration award if the trial court finds that she mailed her notice of appeal with the United States Postal Service within sufficient time for it to arrive at the prothonotary's office before the expiration of the period for filing such an appeal. Appellants Mark A. Criss and Kathryn J. Stevenson argue that the Superior Court's decision is erroneous because an appeal *nunc pro tunc* may only be granted in extraordinary circumstances, which do not include a party's failure to anticipate a delay in the U.S. mail. We agree with Appellants, and therefore reverse the Superior Court's order remanding the case to the trial court.

On July 17, 1998, Appellants filed a complaint in the Butler County Court of Common Pleas against Appellee, alleging breach of contract and claiming damages in the amount of $19,296.50. On November 25, 1998, a hearing was held before an arbitration panel and the panel entered an award in favor of Appellants in the amount of $16,017.50 plus costs. That same day, the Prothonotary in Butler County ("the Prothonotary") noted on the docket that the award had been entered and the parties had been notified of the award.

On December 22, 1998, Appellee's counsel asked Julie Martin, a receptionist at the law firm from whom Appellee's counsel rents space, to mail the notice of appeal from the arbitration award. Ms. Martin testified that she deposited the notice of appeal in a mailbox outside of the office building of Appellee's counsel at approximately 5:10 p.m. on December 22nd.[1] On December 28, 1998, the time for filing a notice of appeal from the arbitration award expired[2] and the Prothonotary had not yet received Appellee's notice of appeal. On December 29, 1998, Appellants filed a Praecipe to Enter Judgment against Appellee pursuant to the arbitration award, and the Prothonotary entered a judgment on the arbitration award on that date. The following day, the Prothonotary received the notice of appeal from Appellee. However, because the time for filing an appeal had expired on December 28th, the Prothonotary returned the notice of appeal to Appellee.

Upon receipt of the returned notice of appeal and a copy of the judgment from the Prothonotary, Appellee filed a Motion for Leave to File Notice of Appeal *Nunc Pro Tunc* and to Strike Judgment. Appellee contended that she had acted reasonably by mailing the notice of appeal with the U.S. Postal Service in Pittsburgh on December 22, 1998, which, according

1. According to Appellee, the notices on the mailboxes outside of the office building of Appellee's counsel state that the final pick-up is at 5:00 p.m. between Monday and Friday. Nevertheless, Appellee asserts that because the times noted for the final pick-up on mailboxes are generally the earliest times a pick-up may take place, the U.S. Postal Service most likely picked up the mail at those mailboxes after 5:10 p.m. on December 22nd. Notably, the record does not reflect the date the notice of appeal was postmarked.

2. As discussed *infra*, Pennsylvania Rule of Civil Procedure 1308 requires that a notice of appeal from a compulsory arbitration award be received by the prothonotary of the court where the action is pending no later than thirty days after the day on which the prothonotary makes a notation on the docket that notice of entry of the arbitration award has been provided to the parties. Pa.R.C.P. 1308.

The thirtieth day following November 25, 1998 was actually Friday, December 25, 1998. However, because December 25th was a national holiday, and December 26th and 27th were a Saturday and Sunday respectively, Appellee had until the following business day, Monday, December 28th, to file a notice of appeal from the arbitration award. *See* 1 Pa.C.S. § 1908.

to Appellee, allowed sufficient time for the notice of appeal to be delivered to the Prothonotary, only thirty miles away, by December 28, 1998. Therefore, Appellee argued that she should not be precluded from appealing from the arbitration award because of the unforeseeable delay in the mail service. Appellants claimed, however, that Appellee had acted negligently by mailing the notice of appeal on December 22nd because she should have known that the U.S. Postal Service delivers mail slower during the holiday season and consequently, that the notice of appeal would not have been delivered to the Prothonotary by December 28th.

On March 24, 1999, the trial court denied Appellee's Motion for Leave, holding that Appellee was not entitled to rely upon the U.S. Postal Service to deliver the notice of appeal on time. On appeal, the Superior Court determined that Appellee may be entitled to an appeal *nunc pro tunc* and therefore, vacated the trial court's order and remanded the case to the trial court to make factual findings as to: (1) the normal mailing time from Pittsburgh to the Prothonotary and (2) the date upon which the U.S. Postal Service received the notice of appeal. Furthermore, the Superior Court advised the trial court that if it found that Appellee had mailed the notice of appeal within sufficient time for the notice to arrive at the Prothonotary's office by December 28, 1998, it should grant Appellee's Motion for Leave. Appellants appealed from the Superior Court's order, and we subsequently granted allocatur.

In order to perfect an appeal, parties must strictly adhere to the statutory provisions for filing an appeal. *See Sellers v. Workers' Comp. Appeal Bd. (HMT Construction Services),* 552 Pa.22, 713 A.2d 87, 89 (1998); *Oakley v. School Dist. of Philadelphia,* 464 Pa. 330, 346 A.2d 765, 767 (1975). Pennsylvania Rule of Civil Procedure 1308 states that a notice of appeal must be "filed with the prothonotary" of the court where the action is pending within thirty days from the date that the prothonotary notes on the docket that the judgment on the arbitration award has been entered and the parties have been notified of that judgment. Pa.R.C.P. 1308. Unlike the Rules of Appellate Procedure, which in certain instances

specify that filings can be deemed filed on the date they are deposited in the U.S. Mail, the Pennsylvania Rules of Civil Procedure do not so provide. In fact, Rule of Civil Procedure 205.1 specifically provides that "[a] paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1. Moreover, appellate courts do not have the authority to enlarge the time for filing a notice of appeal. Pa.R.A.P. 105. Therefore, as Rule 1308 now stands, for an appeal from an arbitration award to be deemed timely filed, the prothonotary of the court where the action is pending *must receive* a notice of appeal within thirty days from the date the prothonotary notes on the docket that the arbitration award has been entered and the parties have been notified of the award.

■ Even when a party has filed an untimely notice of appeal, however, appellate courts may grant a party equitable relief in the form of an appeal *nunc pro tunc* in certain extraordinary circumstances. *Commonwealth v. Stock,* 545 Pa. 13, 679 A.2d 760, 763–64 (1996). Initially, an appeal *nunc pro tunc* was limited to circumstances in which a party failed to file a timely notice of appeal as a result of fraud or a breakdown in the court's operations. *West Penn Power Co. v. Goddard,* 460 Pa. 551, 333 A.2d 909, 912 (1975) (the time for taking an appeal will not be extended as a matter of grace or mere indulgence). In *Bass v. Commonwealth Bureau of Corrections, et al.,* 485 Pa. 256, 401 A.2d 1133 (1979), however, this Court found that where an appellant, an appellant's counsel, or an agent of appellant's counsel has failed to file a notice of appeal on time due to non-negligent circumstances, the appellant should not lose his day in court. *Id.* at 1135. Therefore, the *Bass* Court expanded the limited exceptions for allowing an appeal *nunc pro tunc* to permit such an appeal where the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. *See id.* at 1135–36 (allowing appel-

lant to appeal *nunc pro tunc* where appeal was filed four days late because appellant's attorney placed the notice of appeal on the desk of the secretary responsible for ensuring that appeals were timely filed and the secretary became ill and left work, not returning until after the expiration of the period for filing an appeal); *see also Cook v. Unemployment Comp. Bd. of Review*, 543 Pa. 381, 671 A.2d 1130, 1132 (1996) (granting appeal *nunc pro tunc* where claimant filed appeal four days late because he was hospitalized).

Here, Appellee's counsel mailed her notice of appeal on December 22nd and it arrived at the Prothonotary's office on December 30th, two days after the expiration date for filing the appeal with the Prothonotary. Although Appellee concedes that the notice of appeal was not received by the Prothonotary on time, Appellee argues that she should be allowed to appeal *nunc pro tunc* because the delay was due to non-negligent circumstances. We disagree.

The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so. *See Cook*, 671 A.2d at 1132; *Perry v. Unemployment Comp. Bd. of Review*, 74 Pa.Cmwlth. 388, 459 A.2d 1342, 1343 (1983) (fact that law clerk's car broke down while he was on route to the post office, precluding him from getting to the post office before closing time, was a non-negligent happenstance for granting appeal *nunc pro tunc*); *Tony Grande, Inc. v. Workmen's Comp. Appeal Bd. (Rodriquez)*, 71 Pa. Cmwlth. 566, 455 A.2d 299, 300 (1983) (hospitalization of appellant's attorney for unexpected and serious cardiac problems ten days into twenty day appeal period was reason to allow appeal *nunc pro tunc*); *Walker v. Unemployment Comp. Bd. of Review*, 75 Pa.Cmwlth. 116, 461 A.2d 346, 347 (1983) (U.S. Postal Service's failure to forward notice of referee's decision to appellant's address, as appellant had requested, warranted appeal *nunc pro tunc*). *But cf. In re In the Interest of C.K.*, 369 Pa.Super. 445, 535 A.2d 634, 639 (1987)

(appeal *nunc pro tunc* denied where counsel was absent from office and did not learn of appellant's desire to appeal before expiration period because counsel negligently failed to make arrangements to look over his professional obligations); *Moring v. Dunne*, 342 Pa.Super. 414, 493 A.2d 89, 92–93 (1985) (although death of appellant's attorney may have qualified as a non-negligent circumstance, appellant failed to prove that he attempted to appeal on time but was precluded from doing so as a result of receiving late notice of his attorney's death). Accordingly, as delays in the U.S. mail are both foreseeable and avoidable, Appellee's failure to anticipate a potential delay in the mail was not such a non-negligent circumstance for which an appeal *nunc pro tunc* may be granted.[3] Thus, we hold that the Superior Court erred in finding that Appellee may be entitled to an appeal *nunc pro tunc* under the circumstances presented in this case.[4]

The Order of the Superior Court is reversed and the order of the trial court denying Appellee's Motion for Leave to File Notice of Appeal *Nunc Pro Tunc* and to Strike Judgment is reinstated. Jurisdiction relinquished.

---

**3.** We recognize that the notice of appeal was mailed during the holiday season, which may have caused the U.S. Postal Service to deliver the notice of appeal to the Prothonotary later than usual. However, we find that regardless of the season, an appellant has a duty to suspect delays when mailing a notice of appeal.

**4.** The Superior Court below relied upon *McKean County Animal Hosp. v. Burdick*, 700 A.2d 541 (Pa.Super.1997), in deciding that a delay in the U.S. mails may support the allowance of an appeal *nunc pro tunc*. Upon our review of that case, however, we find that *McKean County Animal Hosp.* was wrongly decided.