J-S60017-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| SUSQUEHANNA BANK, SUCCESSOR BY MERGER COMMUNITY BANKS, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAURA E. COOPER A/K/A LAURA ELIZABETH LONG A/K/A LARA ELIZABETH COOPER A/K/A LAURA E. LONG, | |
| Appellant | No. 271 MDA 2014 |

Appeal from the Order Entered January 10, 2014
In the Court of Common Pleas of Berks County
Civil Division at No(s): 12-2302

BEFORE:  OTT, STABILE, and JENKINS, J.J.

CONCURRING MEMORANDUM BY JENKINS, J.:     **FILED JANUARY 13, 2015**

I respectfully concur in the result.  In my view, the proper remedy is to quash this appeal instead of affirming the order denying Appellant's petition to open or strike the judgment.

On January 30, 2013, the trial court entered summary judgment against Appellant.  Over nine months later, on October 10, 2013, Appellant filed a petition to open or strike the judgment claiming that she never received Susquehanna Bank's motion for summary judgment.  On January 10, 2014, the trial court denied Appellant's petition.  On February 7, 2014, Appellant filed a notice of appeal.  On the same date, Appellant filed a motion for reconsideration.  On February 24, 2014, the trial court denied the motion for reconsideration.

Because the trial court entered summary judgment against Appellant on January 30, 2013, she was required to file a notice of appeal within thirty days after entry of judgment on the docket, or by Friday, March 1, 2013. 42 Pa.C.S. § 5571; Pa.R.A.P. 903. Appellant did not file a notice of appeal until February 7, 2014. This appeal is untimely on its face and should be quashed.

In my view, Appellant had no right to file a petition to open or strike the summary judgment order. A petition to open or strike is the proper procedure for challenging a *default* judgment, not *summary* judgment. Following summary judgment, an appellant can only do the following:

1. The appellant can file a motion for reconsideration in the trial court. The court may grant the motion for reconsideration within thirty days after entry of summary judgment on the docket. After the thirtieth day, the court loses jurisdiction to grant reconsideration. 42 Pa.C.S. § 5505; **Simpson v. Allstate Ins. Co.**, 504 A.2d 335, 338 (Pa.Super.1986) (*en banc*). Here, Appellant did not file a motion for reconsideration.

2. As stated above, the appellant can file a notice of appeal within thirty days after entry of summary judgment on the docket. Appellant failed to take this step.

3. More than thirty days after entry of summary judgment on the docket, the appellant can file a motion for leave to appeal *nunc pro tunc* in the trial court. **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa.2001). The court may grant this motion where the appellant proves that: (1) the appellant's

notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay. ***Id***. Applying this test, I conclude that Appellant failed to prove that she filed her appeal late due to non-negligent circumstances. Appellant is responsible for her failure to receive the Bank's motion for summary judgment due to her failure to endorse all pleadings and legal papers with an address where they may be served. Therefore, I conclude that this appeal should be quashed as untimely.

Here, more than thirty days after entry of summary judgment, Appellant filed a petition to open/strike instead of filing a motion for leave to appeal *nunc pro tunc*. In my view, the trial court should have reviewed (and denied) this petition under the test articulated in ***Criss*** instead of petition to open/strike standards. But because the court declined to award Appellant relief, I do not find any harm arising from its application of the incorrect standards. Thus, I respectfully concur in the result.