J-A02031-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| EDWIN C. HAINES, T/D/B/A ECHO, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LOFTY HACKENBERG AND TINA HACKENBERG, PARTNERS T/A LOFTY'S RESTAURANT, | |
| Appellants | No. 887 MDA 2015 |

Appeal from the Order Entered April 29, 2015
In the Court of Common Pleas of Snyder County
Civil Division at No: CV-0263-2013

BEFORE:   PANELLA, STABILE, and FITZGERALD, JJ.[*]

MEMORANDUM BY STABILE, J.:                    **FILED OCTOBER 28, 2016**

Appellants, Lofty L. Hackenberg, *et al*., (Hackenberg) appeal from the April 29, 2015 order of the Court of Common Pleas of Lebanon County, denying Hackenberg's petition to allow an appeal *nunc pro tunc* from the November 20, 2014 award of board of arbitrators.  Following review, we affirm.

On November 20, 2014, the Snyder County Prothonotary's Office entered a notice of entry of award of arbitrators, entering judgment in favor of Edwin C. Haines, t/d/b/a ECHO (ECHO) in the amount of $25,000 plus interest from November 20, 2014.  On Thursday, December 18, 2014,

---

[*] Former Justice specially assigned to the Superior Court.

Hackenberg's counsel sent, via UPS Next Day Air, a notice of appeal from the award of the board of arbitrators to the Snyder County Prothonotary's Office. On January 5, 2015, Hackenberg's counsel received a letter, dated December 29, 2014, from the Snyder County Prothonotary returning the notice of appeal as untimely because it was received on Wednesday, December 24, 2014, beyond the filing deadline of Monday, December 22, 2014.

On January 9, 2015, Hackenberg filed a petition to allow appeal from award of board of arbitrators *nunc pro tunc*. The same date, the trial court entered an order directing Hackenberg to file a brief, ECHO to respond and file a brief, and scheduled a hearing. A hearing was held on April 29, 2015, at which time the parties agreed the facts were undisputed. After the hearing, the trial court entered an order denying Hackenberg's petition to allow appeal from the award of board of arbitrators *nunc pro tunc*. On May 26, 2015, Hackenberg filed a notice of appeal. On June 8, 2015, Hackenberg filed a concise statement of matters complained of on appeal.

On appeal, Hackenberg's sole argument is that the trial court abused its discretion when it denied the petition to allow appeal from the award of board of arbitrators *nunc pro tunc*. **See** Appellants' Brief at 4.

It is well settled that that the standard of review of a denial of a petition to appeal *nunc pro tunc* is whether the trial court abused its discretion. **See Union Elec. Corp. v. Bd. Of Prop. Assessment, Appeals and Review of Allegheny Cty.**, 746 A.2d 581, 583 (Pa. 2000). "An abuse

of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence of the record." **Freeman v. Bonner**, 761 A.2d 1193, 1194–95 (Pa. Super. 2000) (citation omitted).

Pursuant to Pennsylvania Rule of Civil Procedure 1308, a notice of appeal from an arbitration award must be filed "with the prothonotary of the court in which the action is pending not later than thirty days after the day on which the prothonotary makes the notation on the docket that notice of entry of the arbitration award has been provided." Pa.R.C.P. No. 1308(a). When a party does not file a timely notice of appeal, in "extraordinary circumstances involving fraud or some breakdown in the court's operation through a default of its officers[,]" a trial court may grant *nunc pro tunc* relief. **See Nagy v. Best Home Services, Inc.**, 829 A.2d 1166, 1167 (Pa. Super. 2003) (citation omitted).

The Pennsylvania Supreme Court in **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001), recognized that the **Bass v. Commonwealth Bureau of Corr., et al.,** 401 A.2d 1133 (Pa. 1979) Court expanded the limited exceptions for allowing an appeal *nunc pro tunc*. **Id**. *Nunc pro tunc* relief is permissible where

> the appellant proves that: (1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or appellant's counsel; (2) the appellant filed the notice of

- 3 -

appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay.

***Criss***, 781 A.2d at 1159 (citation omitted).

The factual situation in this matter is nearly identical to the situation in ***Criss***. In ***Criss***, an arbitration panel entered an award of judgment on November 25, 1998, and the deadline for filing a notice of appeal was December 28, 1998. *Id.* at 1157–58. On December 22, 1998, counsel directed a receptionist at the law firm to mail the notice of appeal; the matter was placed in the mailbox at 5:10 p.m. on December 22. *Id.* at 1158. On December 29, the Prothonotary entered judgment after receiving a praecipe to enter judgment pursuant to arbitration award. *Id.* The Prothonotary received the notice of appeal on December 30 and returned it to counsel as the time for filing an appeal had expired. *Id.* at 1159. The Court held that because delays in mailing are both foreseeable and avoidable, "failure to anticipate a potential delay in the mail was not such a non-negligent circumstance for which an appeal *nunc pro tunc* may be granted." *Id.* at 1160.

In the matter *sub judice*, counsel for Appellants attempted to anticipate a delay in the mail by sending the notice of appeal via UPS Next Day Air on Thursday, December 18, 2014; however, counsel did not follow up to determine whether the shipment was delivered timely. In the age of online tracking of shipments, determining whether a package is timely delivered is neither burdensome nor time consuming. Counsel knew the filing deadline was Monday, December 22, 2014, and assumed the risk by

- 4 -

sending a time sensitive notice of appeal using UPS Next Day Air. *See Criss*, 781 A.2d at 1160. Similarly, a simple phone call to the Office of the Prothonotary on December 22, 2014, could have informed counsel that the notice of appeal was not received. Additionally, like *Criss*,[1] this delay in mailing occurred during the holiday season and counsel should have recognized that delays are likely to occur. *Id*. As the trial court noted, the only factual difference between the instant matter and *Criss*, is that counsel for Hackenberg used UPS Next Day Air rather than the United States Postal Service. As counsel did not act with due diligence, and this Court is constrained by the holding and rationale of *Criss*, we find that the trial court did not abuse its discretion when it found that Hackenberg failed to prove that the late filing was as a result of non-negligent circumstances.

In conclusion, we find that the trial court did not abuse its discretion when it denied Hackenberg's petition or leave to file appeal *nunc pro tunc*. Accordingly, we affirm the April 29, 2015 order denying said petition.

---

[1] The *Criss* Court noted that "[w]e recognize that the notice of appeal was mailed during the holiday season, which may have caused the U.S. Postal Service to deliver the notice of appeal to the Prothonotary later than usual. However, we find that regardless of the season, an appellant has a duty to suspect delays when mailing a notice of appeal." *Criss*, 781 A.2d at 1160 n.3.

Order affirmed.

Judge Panella joins this memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/28/2016