IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maria Camerino, by and through    :
her representative, Brethren Village,    :
          Petitioners         :
                               :
          v.                  :
                               :
Department of Human Services,    :   No. 125 C.D. 2016
          Respondent        :   Submitted: December 16, 2016


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge[1]
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE COSGROVE            FILED: September 18, 2017


      Maria Camerino (Claimant) appeals the December 30, 2015 order of the Bureau of Hearings and Appeals (BHA) dismissing her appeal of a denial for medical assistance as untimely. Upon review, we affirm.

      Claimant is a resident of the Brethren Village Skilled Care Facility (Facility). In November 2014, the Facility filed on Claimant's behalf an application for medical assistance with the then-Department of Public Welfare (now Department of Human Services (Department)). On January 6, 2015, Claimant's application was denied by the Lancaster County Assistance Office

_____

[1] This case was decided before Judge Hearthway's service on the Court ended September 1, 2017.

(CAO) for failure to provide necessary documentation. The notice of denial (January 6, 2015 Notice) indicated that, should Claimant not agree with the decision, she should fill out a Fair Hearing form and provide it to her caseworker by February 5, 2015. Claimant did not fill out the Fair Hearing form. Rather, on July 30, 2015, Claimant submitted the documents absent from her initial application, the MA51 form and Options Assessment, to the Lancaster County Office of Aging (Office of Aging). The Office of Aging completed the MA51 and Options Assessment forms and forwarded them to the CAO on September 10, 2015. Claimant did not file an appeal to the January 6, 2015 Notice until September 25, 2015.

A hearing was conducted on October 21, 2015 before an Administrative Law Judge (ALJ) on the issue of the timeliness of Claimant's appeal. On December 22, 2015, the ALJ dismissed Claimant's appeal as untimely. The decision of the ALJ was affirmed by the Bureau of Hearings and Appeals (BHA). This appeal followed.[2]

## Discussion

The issue before this Court is whether Claimant's appeal was improperly denied as untimely.[3]

---

[2] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with law, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[3] Claimant's brief sets forth a second argument that the CAO failed to act on the application for medical assistance within thirty days as required by the appropriate regulations. It is not clear from the record when Claimant's application for medical assistance was submitted to the Department, beyond "some point in November." (Reproduced Record (R.R.) at 31a.) If

2

Claimant argues her appeal should be considered timely under the applicable regulations[4] or, alternatively, she should be permitted to appeal *nunc pro tunc.* The delay in filing her appeal, Claimant asserts, was due to an administrative breakdown on the part of the Department. Claimant argues the appeal was filed shortly after she became aware of the denial of the application and Claimant contends the facts support the granting of a *nunc pro tunc* appeal.

In response, the Department argues Claimant's appeal was filed 232 days late, and Claimant failed to present any evidence an administrative breakdown occurred that caused her appeal to be untimely. Because Claimant did not meet her burden to show non-negligent circumstances prevented her from filing the appeal sooner, the Department asserts substantial evidence exists to support the decision of the BHA.

Failure to timely appeal an administrative agency's action is a jurisdictional defect. *Falcon Oil Co. v. Department of Environmental Resources*,

---

we assume the application was made on the first of November, the CAO acted upon it within 67 days. Claimant is correct that the CAO is required to promptly act upon an application, "preferably within at least 30 days from the date of application…" 55 Pa.Code § 125.84(e)(1). Section 125.84(e)(1) further provides that, if the CAO is unable to make a decision within 30 days, the applicant is to be advised of the reasons for the delay, the date he may expect a decision, and his right to a fair hearing if he believes the delay was unjustified. While it does not appear Claimant was advised of a delay, Claimant presents no facts that suggest how a delay of 37 days affected Claimant's ability to file her appeal in a timely manner.

[4] Chapter 275, Subchapter A, of the Public Assistance Manual sets forth procedures for appeals and fair hearings. Section 275.3(b) provides in pertinent part that an applicant must exercise the right of appeal within "thirty days from the date of written notice of a decision or action by a [CAO]…" 55 Pa.Code. § 275.3(b)(1). Claimant suggests her appeal period should be extended as provided for in Section 275.3(b)(3), due to "administrative error, ongoing delay or failure to take corrective action that should have been taken…" 55 Pa.Code § 275.3(b)(3). While Section 275.3(b)(3) does grant an extension of time, that extension applies to subparagraphs (2) and (4), neither of which are applicable to the case *sub judice. Id.*

609 A.2d 876, 878 (Pa. Cmwlth. 1992). The time for taking an appeal cannot be extended as a matter of grace or mere indulgence. *Sofronski v. City of Philadelphia*, 695 A.2d 921, 924 (Pa. Cmwlth. 1997). An appeal *nunc pro tunc* may be allowed only where a delay in filing the appeal is caused by extraordinary circumstances involving fraud or some breakdown in the administrative process, or non-negligent circumstances related to the appellant or his counsel or a third party. *Id*. The appellant must establish that the appeal was filed within a short time after learning of and having an opportunity to address the untimeliness, the elapsed time period is of very short duration, and the appellee is not prejudiced by the delay. *Id. Nunc pro tunc* relief is, at its core, equitable in nature. *See Criss v. Wise*, 781 A.2d 1156 (Pa. 2001).

Presently, Claimant does not deny the January 6, 2015 Notice was received. Debra Bartow (Bartow), Director of Accounting at the Facility, specifically testified "[the Facility] did receive notice." (Reproduced Record (R.R.) at 70a.) Bartow further testified that the social worker involved believed the necessary paperwork had been faxed to Office of Aging and she "was waiting for the appointment." *Id.* Eventually, the social worker realized "after some time that in fact the assessment hadn't been done." *Id.* Claimant offered no explanation as to why she did not respond to the January 6, 2015 Notice.

Richard Zumoff (Zumoff), an Income Maintenance Caseworker with the Department, testified as follows on behalf of the Department. The January 6, 2015 Notice was the last correspondence he had with Claimant until a second application for medical assistance was received.[5] (R.R. at 76a.) Thereafter, he

---

[5] Claimant submitted a second application for medical assistance on September 18, 2015. (R.R. at 65a.)

4

received the MA51 form and Options Assessment on September 10, 2015. *Id.* He testified the nursing home facility initiates the process for obtaining medical assistance. *Id.* at 73a.

If the factfinder's determinations are supported by substantial evidence they will not be disturbed on review. 2 Pa. C.S. §704. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Murphy v. Department of Public Welfare,* 480 A.2d 382, 386 (Pa. Cmwlth. 1984).

The record contains no evidence which suggests Claimant's delay in filing an appeal to the January 6, 2015 Notice was caused by an administrative breakdown or that Claimant's failure to appeal by February 5, 2015 was for non-negligent reasons. Claimant's application was filed in November 2014 and denied on January 6, 2015. Claimant had 30 days in which to appeal the denial. She appealed approximately 8 months later, on September 25, 2015, after having submitted a second application for medical assistance.[6] Claimant failed to establish her appeal was filed within a short time after learning of and having an opportunity to address the untimeliness,[7] that the elapsed time period is of very

---

[6] As to that second application, Zumoff testified that "at the time the second application was submitted, it was discovered that there was additional documentation that was required…" (R.R. at 71a.) The ALJ advised Zumoff that "[t]he second application is a separate matter. So you should not delay anything with the second application, pending this hearing." *Id.* at 78a. Zumoff responded, "I won't." *Id.*

Given this, the equitable principles underlying *nunc pro tunc* relief, *Criss,* are otherwise fulfilled.

[7] Claimant admitted having received the January 6, 2015 Notice yet argues it was only after the CAO received the MA51 form and Options Assessment in September 2015 that the Facility "learned the CAO was unwilling to approve [Claimant's] application." (Claimant's Brief at 10.) Based on the record testimony, we conclude Claimant was aware for the need to

5

short duration or that the Department is not prejudiced by the delay. We are compelled to conclude, therefore, that Claimant did not meet the requirements for *nunc pro tunc* relief and the BHA's determination in that regard is supported by substantial evidence.

For these reasons, the order of the BHA is affirmed and the appeal is dismissed as untimely.

_____
JOSEPH M. COSGROVE, Judge

---

appeal in January 2015 and appealed September 25, 2015. It is clear Claimant did not file her appeal within a short time after learning of the need.

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Maria Camerino, by and through    :
her representative, Brethren Village,  :
        Petitioners    :
                        :
      v.              :
                        :
Department of Human Services,    :   No. 125 C.D. 2016
        Respondent    :

## O R D E R

AND NOW, this 18th day of September, 2017, the December 30, 2015, order of the Bureau of Hearings and Appeals is affirmed.

_____
JOSEPH M. COSGROVE, Judge