# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

E. W.,                                    :
          Petitioner            :
                               :
          v.                      :    No. 1312 C.D. 2018
                               :    SUBMITTED:  September 10, 2019
Department of Human Services,             :
          Respondent            :    **<u>CASE SEALED</u>**

BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

**<u>OPINION NOT REPORTED</u>**

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                    **FILED:  October 2, 2019**

E.W. petitions for review of the Department of Human Services, Bureau of Hearings and Appeals' (Department) order denying his *nunc pro tunc* appeal of an indicated report of child abuse.  We affirm.

By letter dated November 16, 2017, the ChildLine and Abuse Registry (ChildLine) issued E.W. a notice that he was listed in the statewide central register as the perpetrator in an indicated report of child abuse.  The November 16, 2017 letter notified E.W. of his right to request that the indicated report be amended or destroyed and instructed E.W. that a request must be made within ninety days of the date of the notice.  E.W. received the letter from ChildLine.

By filing mailed February 15, 2018, E.W., through counsel, requested an administrative review of the Monroe County Children and Youth Services findings.  February 15, 2018 was ninety-one days after the November 16, 2017 notice.  On March 22, 2018, ChildLine notified E.W. that it could not review his

appeal because it did not receive E.W.'s request within ninety days of the November 16, 2017 notice. The March 22, 2018 letter notified E.W. that if he believed that the appeal should be considered even though it was not received within the time required by law, he must request review of the indicated findings of child abuse and instructed E.W. that a request must be received within ninety days of the letter. On June 16, 2018, E.W. mailed a response to the March 22, 2018 letter.

An Administrative Law Judge (the ALJ) conducted a telephonic hearing on July 31, 2018. At the hearing, counsel for E.W. did not dispute that the appeal was untimely and explained that he had miscalculated the ninety-day deadline. E.W.'s counsel intended to file an appeal to the indicated report at the last possible moment for strategic reasons related to parallel proceedings on the underlying facts. The ALJ, while expressing appreciation for counsel's candor, found that counsel's oversight would not be grounds to allow the appeal to proceed *nunc pro tunc*. The ALJ recommended that the appeal be dismissed and the Department adopted the recommended adjudication of the ALJ in full. E.W. filed a request for reconsideration which was denied.

On appeal, E.W. argues that his counsel's actions amounted to non-negligent circumstances related to his counsel. *See Bass v. Commonwealth*, 401 A.2d 1133 (Pa. 1979). However, as the Department points out, the Supreme Court itself has limited the application of *Bass*: "[t]he exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances is meant to apply only in *unique and compelling cases* in which the appellant has clearly established that she *attempted to file an appeal*, but *unforeseeable and unavoidable events precluded her from actually doing so*." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). An attorney's strategic delay in filing an appeal coupled with the negligent miscalculation of the

2

end of the appeal period do not constitute the sort of unique and compelling circumstances contemplated in these cases. While we wish we were able to afford equitable relief in this unfortunate situation, controlling case law gives us no latitude to do so.

In light of the foregoing, we affirm.

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

E. W.,                          :
              Petitioner     :
                            :
             v.              :  No. 1312 C.D. 2018
                            :
Department of Human Services,   :
              Respondent    :  **CASE SEALED**

## O R D E R

AND NOW, this 2nd day of October, 2019, the Order of the Department of Human Services is AFFIRMED.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
Senior Judge