IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.B.,                                    :
                    Petitioner           :      **SEALED CASE**
                                         :
        v.                               :      No. 367 C.D. 2021
                                         :      Submitted: June 3, 2022
Department of Human Services,            :
                    Respondent           :

BEFORE:    HONORABLE ANNE E. COVEY, Judge
           HONORABLE ELLEN CEISLER, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                          FILED: October 27, 2022

        J.B. has petitioned this Court to review an order entered March 4, 2021,

by the Department of Human Services (DHS), Bureau of Hearings and Appeals (the

Bureau), which denied as untimely J.B.'s request for a hearing to expunge from the

ChildLine and Abuse Registry an indicated report of child abuse. Upon review of

the record, we discern no non-negligent circumstances that would excuse J.B.'s

untimely request and, therefore, affirm.

## **BACKGROUND**[1]

        On December 11, 2019, DHS notified J.B. that he was listed on the

statewide registry as a perpetrator in an indicated report of child abuse. J.B. timely

sought administrative review of this finding. On May 14, 2020, DHS determined

that the report was accurate and notified J.B. that he had a right to appeal and an

evidentiary hearing before the Bureau, provided he requested such within 90 days.

_____

[1] We derive this background from the findings of the Administrative Law Judge (ALJ),
which are supported by substantial evidence of record. *See* ALJ's R. & Adjudication, 3/4/21.

J.B. received this notice in a timely manner. On August 19, 2020, J.B. mailed his request for an appeal and evidentiary hearing, 97 days after receiving the DHS notice. Thereafter, the ALJ determined that J.B. did not timely appeal the administrative review and that there were insufficient grounds to proceed *nunc pro tunc*.

J.B. timely petitioned this Court for further review.[2, 3]

## ISSUE

J.B. asserts that the ALJ erred in denying as untimely J.B.'s request for a hearing on the merits of an indicated finding of child abuse. Pet'r's Br. at 7. According to J.B., any delay in postmarking his appeal was not caused by his negligence. *See id*. at 12.[4] Further, J.B. argues, even if he negligently requested a hearing, the Bureau would suffer no prejudice in permitting his administrative appeal to proceed *nunc pro tunc*. *See id.*

## DISCUSSION

The broad purpose of the Child Protective Services Law, 23 Pa.C.S. §§ 6301-6386, is "to prevent child abuse and to protect abused children from further

---

[2] This Court will affirm an agency decision "absent a finding that constitutional rights were violated, [that] an error of law was committed, that the procedure before the agency was contrary to statute, or that the findings of fact are not supported by substantial evidence." *G.V. v. Dep't of Pub. Welfare*, 91 A.3d 667, 672 (Pa. 2014).

[3] The Philadelphia County Department of Human Services intervened as of right pursuant to Pa.R.A.P. 1531. It is generally aligned with DHS in this matter. *See generally* Intervenor's Br.

[4] The Bureau counters that his argument is waived because J.B. failed to include it in his Petition for Review. *See* Bureau's Br. at 7. We decline to find this argument waived. Pennsylvania Rule of Appellate Procedure 1513(d) provides that a petition for review shall contain "a general statement of the objections to the order or other determination, *but the omission of an issue from the statement shall not be the basis for a finding of waiver if the court is able to address the issue based on the certified record.*" Pa.R.A.P. 1513(d) (emphasis added). Although J.B.'s arguments on appeal differ from certain assertions made in his Petition for Review, our review may proceed based on the certified record in this matter.

injury." *G.V.*, 91 A.3d at 670. In furtherance thereof, the legislature has established a statewide registry to maintain reports of child abuse and has authorized the release of registry information identifying perpetrators of abuse in limited fashion. *See id.*; *see also* 23 Pa.C.S. §§ 6302(b) (encouraging more complete reporting of suspected child abuse), 6331 (establishing a statewide database), 6340 (authorizing the release of confidential information to law enforcement, social work agencies, employers in childcare services and other related venues).

An "indicated report" of child abuse sets forth substantial evidence, gathered during an investigation by DHS or a county agency, that a child is the victim of abuse. 23 Pa.C.S. § 6303.[5] Upon the conclusion of an investigation, DHS shall inform the alleged perpetrator of his or her right to request administrative review to amend or expunge the indicated report. 23 Pa.C.S. §§ 6341(a)(2), 6368(f). If administrative review is unsuccessful, then the alleged perpetrator may further appeal to the Bureau and request a hearing. 23 Pa.C.S. § 6341(c). "The request for hearing must be made within 90 days of notice of the decision." *Id.*

"Failure to file a timely appeal of an administrative agency's decision creates a jurisdictional defect, and an extension of time to file an appeal cannot be granted as a matter of grace or mere indulgence." *C.E. v. Dep't of Pub. Welfare*, 97 A.3d 828, 832 (Pa. Cmwlth. 2014) (cleaned up). An appeal *nunc pro tunc* may proceed, but only where an appellant can establish that "the delay in filing the appeal was caused by extraordinary circumstances involving fraud or a breakdown in the administrative process, or non-negligent circumstances related to the appellant, his counsel, or a third party." *R.H. v. Dep't of Hum. Servs.*, 205 A.3d 410, 416 (Pa. Cmwlth. 2019) (cleaned up). An appellant must also demonstrate that "(1) he filed

---

[5] In contrast, a "founded report" is rooted in judicial proceedings. *See* 23 Pa.C.S. § 6303.

his appeal shortly after learning of and having the opportunity to address his untimeliness; (2) the untimeliness is of a short duration; and (3) the appellee will not be prejudiced by the delay." *D.C. v. Dep't of Hum. Servs.*, 150 A.3d 558, 562 (Pa. Cmwlth. 2016) (cleaned up).

The exception for allowance of an appeal *nunc pro tunc* in non-negligent circumstances applies "only in unique and compelling cases in which the appellant has clearly established that she attempted to file an appeal, but unforeseeable and unavoidable events precluded her from actually doing so." *Criss v. Wise*, 781 A.2d 1156, 1160 (Pa. 2001). Any delay caused by mere negligence or neglect will not provide a basis for granting an appeal *nunc pro tunc*. *Compare Cook v. Unemployment Comp. Bd. of Rev.*, 671 A.2d 1130, 1132 (Pa. 1996) (concluding that appellant's sudden hospitalization presented non-negligent circumstances), *with Criss*, 781 A.2d at 1160 (dilatory mailing of appeal, where "delays in the U.S. mail are both foreseeable and avoidable," does not constitute a non-negligent circumstance).

In this case, on May 14, 2020, DHS notified J.B. of its determination that the indicated report of child abuse was accurate and that he must request a hearing within 90 days. J.B. did not mail his request until August 19, 2020, seven days *beyond* the appeal period. Thus, J.B.'s request for a hearing was untimely. *See* 23 Pa.C.S. § 6341.

Further, we discern no non-negligent circumstances that contributed to his untimely appeal. Obliquely, J.B. refers to two events that were both unforeseeable and unavoidable. *See* Pet'r's Br. at 15, 17. Upon consideration, these events do not provide grounds for *nunc pro tunc* relief.

First, J.B. suggests that "despite a catastrophic fire that burned his family home down, . . . [he] diligently filled out the paperwork to send back to DHS . . . [.]" Pet'r's Br. at 15. However, the implication that the fire at J.B.'s home contributed to his untimely appeal is not supported by evidence of record. J.B. testified that there was a fire at his home and that the fire was "the main reason why [his appeal] was late." Notes of Testimony (N.T.), 10/15/20, at 15. However, J.B. testified further that the fire occurred on May 10, 2020, that the fire did not interfere with mail delivery to the address, and that he received the notice from DHS "probably like, . . . a week later[, *i.e.*, May 17, 2020,] because we were in a hotel around the time when I got the mail." N.T. at 16. Thus, while the fire at his home may have been unforeseeable, it did not contribute to his untimely appeal.

Second, J.B. suggests that this Court take judicial notice that the COVID-19 pandemic contributed to his untimely appeal. Pet'r's Br. at 17 (asserting that his appeal "must have sat for several days" in his mailbox due to pandemic-related postal service delays). We decline to do so. In prefatory remarks, J.B. testified that "with the whole corona [sic] thing . . . , everything was kind of late." N.T. at 15. However, J.B. never testified to any specific correlation between the pandemic and his appeal. To the contrary, J.B. conceded that he did not mail his request until "[p]robably around" August 19, 2020, because he spent "two, three weeks" looking for a lawyer to assist him. N.T. at 23-24. Thus, the record does not support an inference that unforeseeable or unavoidable events, such as the COVID-19 pandemic, were instrumental in his untimely appeal.

Based on the evidence of record, J.B. simply failed to mail his appeal within the time required. This dilatory mailing was negligent and not the result of unforeseeable or unavoidable events. Therefore, because J.B. did not establish that

5

non-negligent circumstances contributed to his untimely request for an evidentiary hearing before the Bureau, he is not entitled to proceed *nunc pro tunc*. *See Criss*, 781 A.2d at 1160; *R.H.*, 205 A.3d at 416.[6]

For these reasons, we affirm.

_____
LORI A. DUMAS, Judge

---

[6] Because J.B. failed to establish non-negligent circumstances that contributed to his untimely appeal, we need not address his subsequent argument that DHS failed to establish that it had suffered prejudice from the delay. *See* Pet'r's Br. at 18. Nevertheless, we note that J.B.'s argument misconstrues the applicable law. In seeking *nunc pro tunc* relief, an appellant retains the sole burden of proof. Thus, in this case, J.B. was required to establish that DHS suffered no prejudice from J.B.'s untimely appeal. *See D.C.*, 150 A.3d at 562.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

J.B., :
               Petitioner : **SEALED CASE**
                :
      v. : No. 367 C.D. 2021
                :
Department of Human Services, :
          Respondent :

## **O R D E R**

AND NOW, this 27th day of October, 2022, the Order of the Department of Human Services, Bureau of Hearings and Appeals, entered March 4, 2021, in the above-captioned matter is AFFIRMED.

 

                                _____

                                LORI A. DUMAS, Judge