J-A14024-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| WILLIAM F. KARDOSH | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIA A. KARDOSH | : | |
| | : | |
| Appellant | : | No. 2622 EDA 2024 |

Appeal from the Order Entered June 24, 2024
In the Court of Common Pleas of Chester County Civil Division at No(s):
2023-07760-PF

BEFORE:   PANELLA, P.J.E., NICHOLS, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED MAY 23, 2025**

Appellant Julia A. Kardosh appeals *pro se* from the order entered on June 24, 2024, denying her petition for leave to appeal *nunc pro tunc* from the final order entered pursuant to the Protection from Abuse (PFA) Act[1] on October 19, 2023.  We affirm.

Briefly, on October 6, 2023, Appellee William F. Kardosh filed a PFA petition against Appellant, his adult daughter, on behalf of himself, his wife, and his two minor grandchildren.  Appellant is the mother of the two minor children.  A temporary *ex parte* PFA order was entered on that same date. Following a hearing on October 19, 2023, the trial court orally entered a final

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 23 Pa.C.S. §§ 6101-6122.

PFA order with an expiration date of April 19, 2024.  A written copy of the PFA order was entered on October 23, 2023.

Appellant filed a timely motion for reconsideration, which the trial court denied on November 20, 2023.  Appellant did not file a timely notice of appeal.  On January 24, 2024, Appellant filed a petition to proceed *in forma pauperis* (IFP).  Appellant filed a petition for leave to appeal *nunc pro tunc* and a second petition to proceed IFP on February 14, 2024.   The trial court denied Appellant's IFP petition on February 17, 2024, but did not address Appellant's petition for leave to appeal *nunc pro tunc*.

Appellant filed a second petition for leave to appeal *nunc pro tunc* on May 6, 2024.  The trial court heard oral argument on Appellant's petition on June 18, 2024.  The trial court entered an order denying Appellant's petition for leave to appeal *nunc pro tunc* on June 24, 2024.  Appellant filed a timely notice of appeal.[2,3]

---

[2] Appellant filed her notice of appeal with the Commonwealth Court.  The Commonwealth Court transferred the appeal to this Court, stating that "this appeal is a domestic relations matter and is not within the appellate jurisdiction of the Commonwealth Court.  Order, 1087 CD 2024, 8/28/24 (*per curiam*) (citation omitted); **see also** 42 Pa.C.S. § 5103 (governing the transfer of cases erroneously filed in the wrong court); Pa.R.A.P. 905(a)(4) (providing that if a notice of appeal is mistakenly filed in an incorrect office within the unified judicial system, the appeal is deemed filed on the date it was originally filed).

[3] As stated above, the six-month PFA order entered on October 19, 2023, has expired.  However, this Court has explained that

*(Footnote Continued Next Page)*

The trial court did not order Appellant to comply with Pa.R.A.P. 1925(b) and Appellant did not file a Rule 1925(b) statement.[4]  The trial court issued a Rule 1925(a) opinion addressing Appellant's issues.

_____

[t]his Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court. . . .  [T]his Court has employed exceptions to the mootness doctrine to review issues stemming from expired PFA orders. *Shandra v. Williams*, 819 A.2d 87, 90 (Pa. Super. 2003) ("Protection from Abuse Act Orders are usually temporary, and it is seldom that we have the opportunity to review one before it expires.")[, *superseded on other grounds by statute*, 23 Pa.C.S. § 5328, *as stated in* *C.H.L. v. W.D.L.*, 214 A.3d 1272, 1281 (Pa. Super. 2019)].

*Ferko-Fox v. Fox*, 68 A.3d 917, 920-21 (Pa. Super. 2013) (*per curiam*) (some citations omitted and some formatting altered).  Because a trial court is permitted to consider the October 19, 2023 PFA order in a subsequent PFA proceeding or child custody proceeding, and because the order will appear in a criminal records check conducted pursuant to 23 Pa.C.S. § 6105(e)(3), Appellant will suffer some detriment due to the entry of the PFA order, and we will not dismiss the appeal as moot.  *See Spivey v. Benjamin*, 1601 MDA 2022, 2023 WL 4742381, at *2 n.4 (Pa. Super. filed July 25, 2023) (unpublished mem.); *see also* Pa.R.A.P. 126(b) (stating that an unpublished non-precedential memorandum decision of the Superior Court filed after May 1, 2019, may be cited for its persuasive value).

[4] "[I]n determining whether an appellant has waived issues based on noncompliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation" to file a Rule 1925(b) statement.  *In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013) (citation omitted).  Therefore, "absent an order by the trial court, an appellant has no obligation to file a Rule 1925(b) statement."  *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1008 n.11 (Pa. 2010) (plurality).

Appellant raises the following issues in her brief, which we restate as follows:

1. Did the trial court abuse its discretion by denying Appellant's petition for leave to appeal *nunc pro tunc*?

2. Did the trial court abuse its discretion by entering the temporary *ex parte* PFA order?

3. Did the trial court have a conflict of interest that deprived Appellant of a fair hearing on October 19, 2023?

Appellant's Brief at 7-9.

In her first issue, Appellant argues that the trial court erred by denying her petition for leave to appeal *nunc pro tunc* because the delay in filing the petition was due to extraordinary circumstances beyond her control including incorrect advice from her former counsel, errors by the Chester County Prothonotary's Office, and that she could not have filed her IFP petition sooner because she could not obtain tax return records due to the policies of the Internal Revenue Service. *Id.* at 27-35.

> The standard of review applicable to the denial of an appeal *nunc pro tunc* is whether the trial court abused its discretion. An abuse of discretion is not merely an error of judgment but is found where the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will as shown by the evidence or the record.

*Amicone v. Rok*, 839 A.2d 1109, 1113 (Pa. Super. 2003) (citations omitted and some formatting altered).

A trial court may grant a party permission to file an appeal *nunc pro tunc* "if the delay in filing is caused by extraordinary circumstances involving

fraud or some breakdown in the court's operation through a default of its officers." **Amicone**, 839 A.2d at 1113 (citation omitted and some formatting altered). Further, the appellant must file a petition to file an appeal *nunc pro tunc* "within a reasonable time." **Id.** (citations omitted). In **Amicone**, this Court held that a breakdown in the court's operation occurred when the prothonotary's office refused to docket a timely filed notice of appeal because the notice of appeal lacked a signature and did not include a copy of the district court's judgment. **Id.** at 1114-15. However, this Court concluded that although a breakdown had occurred, the appellant did not file his petition to file an appeal *nunc pro tunc* within a reasonable time period because the appellant filed his petition more than four months after the prothonotary's office's error. **Id.** at 1115-16.

Additionally, the Pennsylvania Supreme Court has held that appeal *nunc pro tunc* is permitted where the appellant proves all the following: "(1) the appellant's notice of appeal was filed late as a result of non-negligent circumstances, either as they relate to the appellant or the appellant's counsel; (2) the appellant filed the notice of appeal shortly after the expiration date; and (3) the appellee was not prejudiced by the delay." **Criss v. Wise**, 781 A.2d 1156, 1159 (Pa. 2001).

Here, the trial court addressed this issue as follows:

On October 19, [2023], [Appellee] was granted a six-month PFA [order] against [Appellant]. [Appellant] did not file a timely appeal. Instead, in January of 2024, several months after the deadline to file an appeal, [Appellant] filed an IFP application, which was denied because there was insufficient documentation

to support the application.  [On February, 14, 2024, nearly three months after the end of the appeal period, Appellant filed her first petition for leave to appeal *nunc pro tunc*.]  Then on May 6, 2024, seven months after the entry of the final order and one month after the expiration of the PFA [order], [Appellant] filed a [second] petition to appeal the PFA order *nunc pro tunc*[, which is 248 pages long.]

On June 18, 2024, oral argument was entertained.  [Appellant] claimed she did not have the money to pay the appeal filing fee.  [Appellant] claimed that she did not file a request to proceed *in forma pauperis* because she knew she did not have any tax returns or other supporting documentation.  [Appellant] also asserted a variety of random claims, somewhat conspiratorial in nature, regarding custody, criminal charges against her ex-husband (not [Appellee]), alleged malpractice by attorneys who are not now, not were ever in this case, and allegations of bias and conflict of [interest involving] previous trial judges.  When questioned about what was the breakdown of the court process which led her to file late, [Appellant] argued it was the fault of the Internal Revenue Service.  [Appellant] acknowledged that she never filed any income tax returns and then could not produce any support for her IFP status.

[Appellant] was present in court on October 19, 2023[,] when the PFA order was granted, [and subsequently] acknowledged she had thirty (30) days to file an appeal.  [Appellant] first tried to file her appeal in [February] of 2024.  Her failure to file earlier, even with an IFP application, was due to her own failure to file tax returns and follow the appropriate procedure.  To then attempt to file *nunc pro tunc* with no showing of any breakdown in the court's procedure of systems required the dismissal of the petition.

Trial Ct. Op., 8/23/24, at 2-3 (citation omitted and some formatting altered).

Based on our review of the record, we discern no abuse of discretion by the trial court in denying Appellant's petition for leave to appeal *nunc pro tunc*, as Appellant has failed to establish that she filed her petition within a reasonable time.  ***See Amicone***, 839 A.2d at 1113.  Specifically, the period to appeal the final PFA order expired on November 20, 2023.  ***See*** Pa.R.A.P.

903(a). Appellant did not file first IFP petition until January 24, 2024, over two months later. Further, Appellant filed her first petition for leave to appeal *nunc pro tunc* on February 14, 2024, nearly three months after the appeal period had expired. ***See Amicone***, 839 A.2d at 1115-16 (holding that a delay of over four months between the breakdown in the operations of the trial court and the filing a petition to appeal *nunc pro tunc* was an unreasonable delay). Accordingly, Appellant is not entitled to relief, and we affirm the trial court's June 24, 2024 order.[5]

Order affirmed. Oral argument cancelled. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/23/2025

_____

[5] To the extent Appellant raised issues relating to the October 6, 2023 temporary PFA order and the October 19, 2023 PFA order, those issues are beyond the scope of this appeal from the trial court's June 24, 2024 order denying Appellant's petition for leave to appeal *nunc pro tunc*, and we decline to address them. ***See*** Pa.R.A.P. 903(a).