# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil K. Hammond,           :
          Appellant       :
          :
     v.                  :    No. 702 C.D. 2023
          :    SUBMITTED: August 8, 2025
Superintendent Barry Smith, Deputy   :
David Close, Deputy Salamon, CCPM   :
Ivicic, Major Barrows, Captain Jones,   :
Captain Acey, CO-1 Deloretta,        :
Secretary John E. Wetzel         :


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE MATTHEW S. WOLF, Judge
                HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**          **FILED: September 17, 2025**


Appellant, Khalil K. Hammond, appeals *pro se* from the order of the Court of Common Pleas of Clearfield County, denying his petition to proceed *in forma pauperis* (IFP) and dismissing his complaint as frivolous pursuant to Pennsylvania Rule of Civil Procedure 240(j)(1), Pa.R.Civ.P. 240(j)(1).[1] Because Hammond's notice of appeal was not timely filed, we are constrained to quash the appeal.

The pertinent facts as alleged in the complaint are as follows. Hammond is an inmate formerly incarcerated at the State Correctional Institution

---

[1] Rule 240(j)(1) provides, in pertinent part: "If, simultaneous with the commencement of an action . . . a party has filed a petition for leave to proceed *in forma pauperis*, the court prior to acting upon the petition may dismiss the action . . . if it is satisfied that the action . . . is frivolous." Pa.R.Civ.P. 240(j)(1).

(SCI) at Houtzdale. In December 2022, Hammond filed a complaint in the trial court against numerous Department of Corrections employees and officials (collectively, Appellees) seeking monetary, injunctive, and declaratory relief for purported violations of his civil rights as well as state law claims of negligence and damage to personal property. Briefly, these claims stem from allegations that Appellees: damaged his electronic tablet, which the manufacturer was unable or refused to repair; failed to prevent rodents from infesting and destroying two boxes of his stored legal documents and commissary purchases; lost his property when he was transferred to SCI Greene; subjected him to cruel and unusual punishment due to unsanitary prison conditions; and caused him to miss deadlines in his civil and criminal cases, hindering his access to court.

By order issued April 27, 2023, the trial court *sua sponte* denied Hammond's IFP petition and dismissed his complaint with prejudice pursuant to Rule 240(j)(1). The trial court found the complaint to be frivolous for multiple reasons, including failure to file within the statute of limitations, failure to assert an actual injury suffered with respect to the access to court claim, failure to allege the elements for deliberate indifference beyond the general assertion of a lack of pest control, and failure to exhaust administrative remedies.

Hammond subsequently filed both a motion for reconsideration and a motion to amend his complaint, neither of which the trial court ruled upon. Hammond then submitted a notice of appeal which was dated June 16, 2023, and was filed by the trial court on June 29, 2023. Hammond timely complied with the trial court's order directing him to file a statement of errors complained of on appeal. *See* Pennsylvania Rule of Appellate Procedure (Pa.R.A.P.) 1925(b). In an Order issued October 4, 2023, this Court noted that the appeal may be untimely and

2

directed the parties[2] to address this issue in their principal briefs on the merits or in an appropriate motion.[3] 10/4/2023 Cmwlth. Ct. Order [citing Pa.R.A.P. 903(a)].

As a threshold matter, we must address the timeliness of Hammond's appeal because it goes to the Court's jurisdiction. *Brown v. Greene Cnty. Off. of Dist. Att'y*, 255 A.3d 673, 675 (Pa. Cmwlth. 2021). Pennsylvania Rule of Appellate Procedure 903(a) provides that in an appeal from a common pleas decision, "the notice of appeal . . . shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). Here, the trial court's order was entered on April 27, 2023, and Hammond acknowledges that his notice of appeal was not filed within 30 days thereafter. *See* Hammond's Br. at 6-7. He argues, however, that this Court should grant him *nunc pro tunc* relief and allow his appeal to proceed as if timely filed.

The time for taking an appeal "cannot be extended as a matter of grace or mere indulgence." *G.R.S. v. Dep't of Hum. Servs.*, 329 A.3d 770, 773 (Pa. Cmwlth. 2025) [quoting *V.S. v. Dep't of Pub. Welfare*, 131 A.3d 523, 527 (Pa. Cmwlth. 2015)]. However, in limited circumstances, "the limitations period can be waived, and the appeal will be considered timely as *nunc pro tunc*, or 'now for then.'" *Harris v. Unemployment Comp. Bd. of Rev.*, 247 A.3d 1223, 1229 (Pa. Cmwlth. 2021) [quoting *Hessou v. Unemployment Comp. Bd. of Rev.*, 942 A.2d 194, 198 (Pa. Cmwlth. 2008)]. The circumstances warranting such extraordinary relief include fraud, a breakdown in the court's operations, or non-negligent circumstances

---

[2] Appellees have since notified the Court that they will not be participating in the appeal because this case was dismissed by the trial court prior to their having been served.

[3] We note that this appeal was temporarily stayed at Hammond's request, and the Court also granted Hammond multiple extensions of time to submit his brief.

relating to the appellant or his counsel. *See, e.g.*, *Criss v. Wise*, 781 A.2d 1156, 1159 (Pa. 2001); *G.R.S.*, 329 A.3d at 773.

Hammond argues that non-negligent circumstances—that were both unforeseeable and beyond his control—affected his ability to timely file his notice of appeal. Hammond makes generalized claims that his mail was sent out several days after he submitted it to institutional personnel to be mailed, that he was denied access to the law library, and that the trial court simply never received some of his filings. These general assertions are insufficient to warrant *nunc pro tunc* relief.

Hammond's first assertion is addressed by the prisoner mailbox rule, which establishes that "a legal document is deemed 'filed' on the date it is delivered to the proper prison authority or deposited in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1097 (Pa. Cmwlth. 2014).[4] Even giving Hammond the benefit of the prisoner mailbox rule, his appeal is still untimely. Hammond states that while he received the trial court's order dismissing his case as frivolous just a few days after it was issued, he admittedly did not place his notice of appeal in the prison mailbox until June 16, 2023, well beyond the 30-day deadline. *See* Hammond's Br. at 6, 8. Hammond also has not alleged that he attempted to file a timely notice of appeal but was precluded from doing so. *See G.R.S.*, 329 A.3d at 773 (quoting *Criss*, 781 A.2d at 1160) (explaining that the non-negligent circumstances "exception applies 'only in unique and compelling cases in which the [appellant] has clearly established that he attempted to file an appeal, but unforeseeable and unavoidable events precluded [him] from actually doing so'"). Importantly, Hammond was able to file a motion for reconsideration with the trial court during the relevant time period, thus

---

[4] The prisoner mailbox rule is also memorialized in Pa.R.A.P. 121(f).

undermining his claim that his court access and ability to timely appeal was somehow thwarted.

In sum, Hammond's generalized allegations do not rise to the level necessary to grant this extraordinary relief and we are therefore constrained to quash his appeal as untimely.[5]

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

---

[5] Given our disposition, Hammond's June 17, 2025 application for relief in the form of a motion to clarify our prior order denying his request for an evidentiary hearing and oral argument is dismissed as moot.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Khalil K. Hammond,        :

            Appellant       :

                               :

          v.                   :     No. 702 C.D. 2023

                               :

Superintendent Barry Smith, Deputy     :

David Close, Deputy Salamon, CCPM   :

Ivicic, Major Barrows, Captain Jones,    :

Captain Acey, CO-1 Deloretta,         :

Secretary John E. Wetzel            :

# **O R D E R**

AND NOW, this 17th day of September, 2025, Appellant Khalil K. Hammond's appeal from the order of the Court of Common Pleas of Clearfield County in the above-captioned matter is QUASHED as untimely. Appellant's June 17, 2025 motion to clarify is DISMISSED as moot.

 

 

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita